# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of: | No. 53879-2-II |
| | PUBLISHED OPINION |
| RAYMOND MAYFIELD WILLIAMS, JR., | |
| Petitioner. | |

MAXA, J. – In this personal restraint petition (PRP), Raymond Williams seeks relief from personal restraint imposed for his 2008 guilty plea to second degree assault. Because this was his third strike offense under Washington's Persistent Offender Accountability Act (POAA), chapter 9.94A RCW, Williams was given a mandatory sentence of life without release.

Under the POAA, a person is classified as a persistent offender pursuant to RCW 9.94A.030(37)[1] when he or she has been convicted of a felony that is considered a most serious offense for the third time after two previous convictions of most serious offenses. Williams was 16 years old when he pled guilty to his first strike offense, first degree burglary. His second strike offense, also first degree burglary, occurred when he was 23 years old. His third strike offense occurred when he was 28 years old.

---

[1] The POAA has been amended many times since Williams's 2008 conviction, but those amendments are not material to this case. Therefore, we cite to the current versions of the relevant statutes.

Williams argues that his PRP meets two different exceptions to the one-year time bar for PRPs. He claims that (1) RCW 10.73.100(2) applies because the use of a juvenile strike offense as a predicate offense to impose a life without release sentence under the POAA is unconstitutional, and (2) RCW 10.73.100(6) applies because *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018), which held that a life without release or parole sentence for a juvenile offender is unconstitutional, was a significant change in the law that is retroactive and material to his sentence.

On the merits, Williams argues that the POAA violates the cruel punishment provision of article I, section 14 of the Washington Constitution because it requires a life without release sentence even when one of the predicate strike offenses was committed as a juvenile.

We hold that Williams's PRP claim is untimely and does not meet the exceptions provided under (1) RCW 10.73.100(2), because Williams challenges only the constitutionality of the POAA, not the statute under which he was convicted; and (2) RCW 10.73.100(6), because the holding in *Bassett* is not material to Williams's POAA sentence for an offense he committed when he was an adult. Accordingly, we deny Williams's PRP.

FACTS

In May 1997, the State charged Williams in juvenile court with first degree burglary for an incident that occurred in February 1997 when he was 16 years old. Williams waived his right to a decline hearing and his case was transferred to adult court. Williams ultimately pled guilty to one count of first degree burglary and one count of custodial assault and was sentenced as an adult. He was sentenced to 31 months of confinement.

In a declaration attached to his PRP, Williams explained that at the time of his 1997 conviction he was emotionally unstable and had a long history of mental illness, trauma, and

drug addiction. He finished only the sixth grade, had lived in several foster and group homes, and had been placed in mental health lockdown facilities three times. He also was hospitalized at least twice for attempted suicides.

Williams stated that he did not understand the consequences of being tried in adult court when he waived his right to be tried in juvenile court, and neither the court nor his attorney explained those consequences. He was just desperate to be transferred out of the abusive juvenile detention facility where he had been confined.

In April 2004, Williams was convicted of first degree burglary for an incident that occurred in September 2003. He was sentenced to 48 months of confinement. Williams was 23 years old when he committed this offense.

In October 2008, Williams pled guilty to second degree assault under RCW 9A.36.021(1)(c), assault with a deadly weapon. Williams was 28 years old at the time of the plea and sentencing. Because this was his third strike under the POAA, the superior court imposed a mandatory sentence of confinement for life without the possibility of release. Williams did not appeal his conviction or his sentence.

In 2016, Williams filed his first PRP, arguing that the 1997 conviction should not have counted as a strike offense. *In re Pers. Restraint of Williams*, No. 49894-4-II, slip op. at *1-2 (Wash. Ct. App. Feb. 26, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049894-4-II%20Unpublished%20Opinion.pdf. He argued that his PRP was not time barred because his sentence was imposed in excess of the superior court's jurisdiction and that a significant change in the law had occurred. *Id.* This court held that neither exception to the one-year time bar applied and denied his PRP. *Id.*

Williams filed his second PRP in September 2019, almost 10 years after his judgment was final. His PRP included his declaration, which showed that he had been rehabilitated to a significant degree while in prison.

ANALYSIS

A.      POAA PROVISIONS

Under RCW 9.94A.570, a person classified as a "persistent offender" must be sentenced to "total confinement for life without the possibility of release." RCW 9.94A.030(37) defines "persistent offender" to include an offender who has been convicted of a "most serious offense" and who previously has been convicted at least two separate times for most serious offenses. RCW 9.94A.030(32) defines "most serious offense" as all class A felonies and a number of other listed felonies, including second degree assault.

RCW 9.94A.030(34) defines "offender" to include only adults and juveniles who have been convicted in adult court. Therefore, adjudications in juvenile court are not counted as strikes under the POAA. *State v. Moretti*, 193 Wn.2d 809, 819, 446 P.3d 609 (2019).

B.      PRP TIME BAR

1.      Legal Principles

RCW 10.73.090(1) provides that a petitioner generally must file a PRP within one year after a trial court judgment becomes final. A judgment is final on the date that it is filed with the clerk of the trial court. RCW 10.73.090(3)(a). However, RCW 10.73.100 lists six exceptions to the one-year time limit.

4

The two exceptions that potentially are applicable here are RCW 10.73.100(2) and RCW 10.73.100(6). RCW 10.73.100(2) states that the time bar does not apply if "*[t]he statute that the defendant was convicted of violating* was unconstitutional on its face or as applied to the defendant's conduct." (Emphasis added.)

RCW 10.73.100(6) states that the time bar does not apply if:

> [t]here has been a *significant change in the law*, whether substantive or procedural, *which is material* to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

(Emphasis added.)

Here, Williams's judgment and sentence became final in 2009. But he did not file the current PRP until 2019. Therefore, the question is whether Williams's PRP is exempt from the one-year time bar under either RCW 10.73.100(2) or (6).[2]

2. Applicability of RCW 10.73.100(2)

Williams argues that his PRP meets the exception provided under RCW 10.73.100(2) because the application of the POAA is unconstitutional when it is based on a strike offense committed when the offender was a juvenile. The State argues that RCW 10.73.100(2) is inapplicable because the exception only applies to the particular substantive criminal statute that

---

[2] Williams previously filed a PRP that was dismissed. *Williams*, No. 49894-4-II, slip op. at *1. In general, the Court of Appeals is barred from considering a subsequent PRP if the petitioner raises similar grounds to those raised in the previous petition or the petitioner raises a new ground for relief and fails to show good cause for not having raised the new ground in the previous petition. RCW 10.73.140; *see In re Pers. Restraint of Bell*, 187 Wn.2d 558, 562, 387 P.3d 719 (2017). Williams asserts that this PRP is not barred as a successive petition because he raises a new issue that was not determined on the merits in the first PRP. The State does not argue that Williams's second PRP is barred as a successive petition. Therefore, we do not address this issue.

Williams was convicted of violating – second degree assault under RCW 9A.36.021 – not the life without release sentence itself as imposed under the POAA. We agree with the State.

a. Statutory Language

As stated above, RCW 10.73.100(2) states that the time bar does not apply if "*[t]he statute that the defendant was convicted of violating* was unconstitutional on its face or as applied to the defendant's conduct." (Emphasis added.)

The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent, which we determine by first looking to the plain language of the statute. *In re Pers. Restraint of Pugh*, 7 Wn. App. 2d 412, 418, 433 P.3d 872 (2019). To determine legislative intent, we focus on the plain meaning of the statutory language, the context of the provision within the statute, related provisions, and the statutory scheme as a whole. *Id.* If the plain meaning of a statute is unambiguous, then we must apply that plain meaning without further construction. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016). When interpreting a statute, every word must be given meaning to avoid rendering any language meaningless or superfluous. *State v. Larson*, 184 Wn.2d 843, 850, 365 P.3d 740 (2015).

b. *Monschke* Split Decision

In *In re Personal Restraint of Monschke*, two petitioners who were 19 and 20 years old each were convicted of aggravated first degree murder and given mandatory life without release or parole (LWOP) sentences pursuant to RCW 10.95.030(1), which mandates a life sentence for aggravated first degree murder. 197 Wn.2d 305, 306, 482 P.3d 276 (2021). In a 5-4 decision, the Supreme Court held that mandatory life sentences for 18-, 19-, or 20-year-old offenders are unconstitutional. *Id.* at 329. The court remanded each case "for a new sentencing hearing at

which the trial court must consider whether each defendant was subject to the mitigating

qualities of youth." *Id.*

As a threshold question, Justice Gordon McLeod's lead opinion – joined by three other

justices – addressed whether RCW 10.73.100(2) applied as an exception to the one-year time bar

for a challenge to a sentencing statute. *Id.* at 309-11. The opinion noted that the petitioners were

not challenging the statute that defined aggravated murder, but stated:

> [I]n this case, the petitioners challenge not a regular sentencing statute but the
> aggravated murder statute. The aggravated murder statute is different than other
> sentencing statutes – it requires the State to charge and the jury (or other trier of
> fact) to find the defendant "guilty" of that very same aggravated murder charge. In
> other words, petitioners' challenge to the constitutionality of the aggravated murder
> statute, which criminalizes premeditated first degree murder as aggravated murder
> in certain circumstances, *is* a challenge to the criminal statute that they were
> "convicted of violating."

*Id.* at 310. The opinion declined to extend its ruling to all unconstitutional sentencing statutes;

the ruling was limited to the application of RCW 10.95.030(1). *Id.*

Justice Owens's dissenting opinion, joined by three other justices, disagreed with the lead

opinion's RCW 10.73.100(2) analysis. *Id.* at 334-35 (Owens, dissenting). The opinion stated:

> This "constitutionality" exception is inapplicable according to the very plain
> language of the statute. This exception limits the challenge to the *statute* that the
> defendant "*was convicted of violating*." This exception is inapplicable because the
> petitioners were not convicted of violating the mandatory LWOP sentencing
> statute, RCW 10.95.030. They were convicted of aggravated murder – RCW
> 10.95.020. The legislature clearly distinguishes between sentences and convictions
> in the collateral attack statute. *See* RCW 10.73.100(5), (6).

*Id.* (citations omitted).

Justice González authored a concurring opinion in which he joined the lead opinion's

holding that the petitioners were entitled to a new sentencing hearing at which their ages must be

considered as a possible mitigating factor. *Id.* at 329 (González, J., concurring). But Justice

González disagreed with the lead opinion's time-bar analysis. *Id.* He stated, "As the dissent

7

properly notes, RCW 10.73.100(2) applies to violations of substantive criminal statutes that have been found unconstitutional, not sentencing statutes." *Id.* Instead, he agreed that the PRP was not time barred because he believed that the RCW 10.73.100(6) exception for a substantial change in the law applied based on *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015). *Monschke*, 197 Wn.2d at 329.

  c. Analysis

Initially, *Monschke* does not control this court's decision. Only four justices signed the lead opinion, and even the lead opinion limited its analysis to the aggravated first degree murder statute. *Monschke*, 197 Wn.2d at 310, 329. Plurality opinions have no binding effect. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 302, 88 P.3d 390 (2004), *abrogated on other grounds*, *State v. Buckman*, 190 Wn.2d 51, 409 P.3d 193 (2018). And when there is no majority that agrees on the rationale for a decision, the court's holding is "the narrowest ground upon which a majority agreed." *State v. Patton*, 167 Wn.2d 379, 391, 219 P.3d 651 (2009).

Nevertheless, five justices clearly agreed that the RCW 10.73.100(2) exception does not apply to sentencing statutes. *Monschke*, 197 Wn.2d at 329 (González, J., concurring); *id.* at 334-35, (Owens, J., dissenting). In addition, the reasoning in Justice Owens's dissent in *Monschke* is compelling. The plain language of RCW 10.73.100(2) provides that the one-year time limit does not apply to a PRP when "*[t]he statute that the defendant was convicted of violating* was unconstitutional on its face or as applied to the defendant's conduct." (Emphasis added.) The statute does not provide an exception for when *the statute under which the defendant was sentenced* was unconstitutional.

Further, as Justice Owens's dissent in *Monschke* noted, the legislature distinguished between the terms "conviction" and "sentence" in RCW 10.73.100. *See Monschke*, 197 Wn.2d

at 335 (Owens, J., dissenting). The exception in RCW 10.73.100(5) is limited to a "*sentence imposed* [that] was in excess of the court's jurisdiction." (Emphasis added.) And the exception in RCW 10.73.100(6) expressly applies to a significant change in the law applicable to *both* convictions and sentences. As a result, there is no indication that the legislature intended the exception in RCW 10.73.100(2) to apply to unconstitutional sentencing statutes.

Here, Williams does not challenge the conviction that triggered his third strike or even his juvenile conviction that serves as his first strike. Therefore, under the plain language of RCW 10.73.100(2), that exception to the time bar does not apply.[3]

Williams also argues that if this court finds the State's interpretation more persuasive, then it will preclude all restrained offenders from challenging an unconstitutional incarceration. He references *State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018) as a hypothetical where Gregory would have been precluded from challenging his death sentence if he had brought his challenge as a PRP rather than as a direct appeal. He essentially argues that distinguishing between unconstitutional convictions and unconstitutional sentences makes no sense.

Williams may be correct. It is difficult to understand why the legislature limited the exception in RCW 10.73.100(2) to when "[t]he statute that the defendant was convicted of violating" is unconstitutional rather than extending the exception to unconstitutional sentences as well. But the legislature is allowed to make such distinctions. "We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language. We assume the legislature 'means exactly what it says.' " *State v. Delgado,* 148 Wn.2d 723, 727, 63

---

[3] Williams argues that RCW 10.73.100(2) is ambiguous, and therefore the rule of lenity should apply. We decline to apply the rule of lenity because as stated above, the plain language states that a petitioner can only challenge an unconstitutional conviction, not an unconstitutional sentence.

P.3d 792 (2003) (quoting *Davis v. Dep't of Licensing,* 137 Wn.2d 957, 964, 977 P.2d 554 (1999)).  Therefore, we cannot ignore the plain language of RCW 10.73.100(2).

Accordingly, we conclude that Williams's PRP is not exempt from the one-year time bar under RCW 10.73.100(2).

3.    Applicability of RCW 10.73.100(6)

Williams argues that the exception to the one-year time bar provided under RCW 10.73.100(6) applies because *Bassett* is a significant change in the law that is retroactive and material to his sentence.  The State argues that *Bassett* is not material to Williams's sentence. We agree with the State.

a.    Legal Background

As stated above, RCW 10.73.100(6) is applicable when (1) there has been a "significant change in the law," (2) the change is "material to the . . . sentence," and (3) "sufficient reasons exist to require retroactive application."  *See In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied,* 141 S. Ct. 1754 (2021).

In *Bassett*, the defendant was given three consecutive LWOP sentences under RCW 10.95.030(3)(a)(ii) for three aggravated first degree murders that he committed when he was 16 years old.  192 Wn.2d at 73.  The Supreme Court stated its holding as follows:

> We hold that sentencing juvenile offenders to life without parole or early release constitutes cruel punishment and, therefore, RCW 10.95.030(3)(a)(ii) is unconstitutional, insofar as it allows such a sentence, under article I, section 14 of [the] Washington Constitution.

*Id.* at 91.

The court first determined that article I, section 14 is more protective than the Eighth Amendment to the United States Constitution.  *Id.* at 78-82.  Second, the court determined that the defendant's claim should be analyzed under a categorical bar analysis rather than the

10

proportionality analysis expressed in *State v. Fain*, 94 Wn.2d 387, 397, 617 P.2d 720 (1980).

*Bassett*, 192 Wn.2d at 82-85. The categorical bar analysis "considers (1) whether there is

objective indicia of a national consensus against the sentencing practice at issue and (2) the

court's own independent judgment" based on controlling precedents and the court's own

understanding of the cruel punishment provision. *Id.* at 83.

In applying the categorical bar analysis, the court noted that (1) there was a national trend

toward abandoning LWOP sentences for juveniles and (2) penological goals were not well

served by such a harsh sentence due to the characteristics of juvenile offenders, such as an

underdeveloped sense of responsibility and consequences. *Id.* at 86-88. Further, the court

emphasized that the penological goal of incapacitation was not supported by a LWOP sentence

because it is difficult for sentencing courts to determine at what point a juvenile's criminal act is

due to " 'unfortunate yet transient immaturity' " rather than " 'irreparable corruption.' " *Id.* at 89

(quoting *Roper v. Simmons*, 543 U.S. 551, 573, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)).

Subsequently, the Supreme Court in *Monschke* held that mandatory life sentences are

unconstitutional for offenders who were 18, 19, or 20 years old when they committed their

crimes. 197 Wn.2d at 329. The court agreed that the prohibition against mandatory LWOP

sentences for juveniles in *Bassett* must extend to young adults because they are "essentially

juveniles in all but name." *Id.* at 312.

In *Moretti*, the Supreme Court addressed the imposition of mandatory life without release

sentences under the POAA on adult persistent offenders who had committed a strike offense as a

young adult. 193 Wn.2d at 813-14. The three petitioners separately were convicted of most

serious offenses for the third time, and they each received a life without release sentence as

required by the POAA. *Id.* at 814-18. The petitioners each had committed their third strike

offense while in their 30s or 40s, but were young adults who were 19 and 20 years old when they committed their first strike offenses. *Id.* The Supreme Court held that it was not cruel punishment to impose mandatory life without release sentences under the POAA on adult persistent offenders even when they committed a strike offense as a young adult. *Id.* at 830. The court explained that the petitioners were not being punished for their juvenile offenses, but rather had received an aggravated sentence because of their third strike offense. *Id.* at 826.

However, the court expressly stated, "We express no opinion on whether it is constitutional to apply the POAA to an offender who committed a strike offense as a juvenile and was convicted in adult court." *Id.* at 821 n.5.

> b. Adoption of Prohibition Against LWOP Sentences for Juveniles

We assume without deciding that the *Bassett* holding that juvenile offenders cannot be given LWOP sentences constitutes a significant change in the law that must be applied retroactively. *See generally, Ali*, 196 Wn.2d at 233-34, 236-46. The issue here is materiality.

There is no question that *Bassett* is not directly applicable to this case. The holding in *Bassett* only applies to offenders who have been sentenced to LWOP under RCW 10.95.030, the aggravated murder statute, for crimes committed when they were juveniles. *See Bassett*, 192 Wn.2d at 91. Here, Williams was sentenced to life without release under the POAA after he committed a third strike offense when he was 28 years old, not when he was a juvenile.

However, Williams and amici argue that *Bassett* is material here because *Bassett* supports the broad proposition that a life without release sentence cannot be imposed based on juvenile conduct. They emphasize that but for the juvenile strike offense, the offender could not receive a life without release sentence. Therefore, they assert that imposing a life without release sentence under the POAA is unconstitutional when one of the strike offenses was committed as a juvenile.

12

Under this argument, the materiality of *Bassett* depends upon whether we must consider all three strikes offenses or only the third strike offense in determining whether Williams's life without release sentence is unconstitutional. Williams and amici claim that we must consider all three strike offenses in assessing the constitutionality of Williams's life without release sentence. They rely on several cases that reference all the predicate offenses when assessing the constitutionality of life sentences based on an earlier habitual offender statute or the POAA. *See State v. Thorne*, 129 Wn.2d 736, 773, 921 P.2d 514 (1996) (referring to the offenses and the crimes the defendant committed); *State v. Manussier*, 129 Wn.2d 652, 676-77, 921 P.2d 473 (1996) (discussing the nature of all three of the defendant's strike offenses); *State v. Rivers*, 129 Wn.2d 697, 714, 921 P.2d 495 (1996) (noting that the offenses forming the basis for the POAA sentence were serious, violent offenses); *Fain*, 94 Wn.2d at 397 (addressing "each of the crimes that underlies [the defendant's] conviction as a habitual offender").

However, the court in *Moretti* suggested that only the third strike offense was relevant to the constitutional analysis. *See* 193 Wn.2d at 826. In rejecting the defendants' argument that it was unconstitutional to impose a life without release sentence when the first strike offense was committed as a young adult, the court stated:

> The petitioners' argument depends on the assumption that these sentences punish them for crimes they committed as young adults. But these sentences are for the most serious offenses they committed at either age 32 (Moretti) or age 41 (Nguyen and Orr), well into adulthood. *These POAA sentences are not punishment for the crimes the petitioners committed as young adults* because recidivist statutes do not impose "cumulative punishment for prior crimes. The repetition of criminal conduct aggravates the guilt of the last conviction and justifies a heavier penalty for the crime."

*Id.* (emphasis added) (quoting *State v. Lee*, 87 Wn.2d 932, 937, 558 P.2d 236 (1976)).

13

Later in the opinion, the court emphasized that its review of the constitutionality of a POAA sentence "focuses on the nature of the current offense, not the nature of past offenses." *Moretti*, 193 Wn.2d at 832. The court noted that the defendants were adults with fully developed brains when they committed their third strike offenses. *Id.*

This court in *State v. Teas*, 10 Wn. App. 2d 111, 447 P.3d 606 (2019), *review denied*, 195 Wn.2d 1008 (2020), made a similar statement in rejecting an argument that imposition of a POAA sentence on an adult offender who committed a predicate strike offense as a youth was cruel punishment. The court stated:

> Teas is not a juvenile being punished for a crime he committed as a juvenile. He was 39 years old when he raped R.C. by forcible compulsion. Therefore, the mitigating factors of youth were not applicable when he was sentenced for this crime.

*Id.* at 135.

Williams argues that we should ignore the language in *Moretti* that the constitutional analysis must focus on the nature of the third strike offense. He claims that the court could not have meant to overrule sub silentio the previous cases on which he relies: *Thorne*, *Manussier*, *Rivers*, and *Fain*. He also asserts that the language in *Moretti* simply reflects a recognition that recidivist statutes are viewed as punishing only the third offense for purposes of double jeopardy and ex post facto laws. Finally, he claims that *Moretti* can be distinguished because unlike Williams, the petitioners in that case did not show that youth contributed to their prior offenses.

We reject Williams's attempt to ignore the clear statement in *Moretti* that the POAA punishes only the third offense for purposes of a constitutional analysis. And *Moretti* did not overrule the cases on which Williams relies because those cases did not expressly hold that a court must consider all three offenses in reviewing the constitutionality of a POAA sentence.

14

We follow *Moretti* and conclude that we must consider only the third strike offense in determining whether Williams's life without release sentence is unconstitutional. Here, there is no question that *Bassett* does not address the imposition of a life without release sentence on an adult offender. Therefore, we conclude that *Bassett* is not material to Williams's PRP based on the argument that we must consider the first strike offense in deciding whether his life without release sentence under the POAA is unconstitutional.

      c.    Adoption of Categorical Bar Analysis

Williams also argues that *Bassett* represents a significant change in the law based on the court's adoption of a categorical bar analysis rather than the traditional *Fain* proportionality analysis to determine the constitutionality of a LWOP sentence for a juvenile offense.

However, even if this ruling represented a significant change in the law, Williams has not shown that this change was material to his sentence. He once again ignores that *Bassett* addressed only a LWOP sentence imposed on a juvenile offender. In this case, the life without release sentence was imposed on an adult offender. In fact, in *Moretti* the court expressly held that "article I, section 14 does not categorically prohibit imposing a life without parole sentence on a fully developed adult offender who committed one of their prior strike offenses as a young adult." 193 Wn.2d at 830.

We conclude that *Bassett* is not material to Williams's PRP based on the argument that *Bassett*'s adoption of a categorical bar analysis for sentences of juvenile offenders was a significant change in the law.

No. 53879-2-II

4.    Summary

Williams has failed to show that he has satisfied either exception provided under RCW 190.73.100(2) and (6).  Because he filed his PRP more than one year after his case became final, we hold that Williams's PRP is time barred.

CONCLUSION

We deny Williams's PRP as untimely.

MAXA, J.

We concur:

LEE, C.J.

SUTTON, J.

16