# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DARRYL DAVID PIERCE,<br><br>Petitioner. | No. 54556-0-II<br><br>ORDER AMENDING OPINION<br>TO CORRECT CAPTION<br>AND<br>CORRECT A SCRIVENER'S ERROR |

The Court on its own motion amends the unpublished opinion filed in this matter on February 15, 2022, to correct the caption title to "Unpublished Opinion." The Court also amends the opinion to correct a scrivener's error on page 6, foot note 4, the first comma is removed, and it should read:

> To the extent Pierce argues that we should not consider his statements in the probable cause statement because of the corpus delicti rule, we disagree because Pierce stipulated to consideration of the probable cause statement to establish the factual basis of his guilty plea.

**SO ORDERED.**

**PANEL:** Jj. MAXA, VELJACIC, PRICE

**FOR THE COURT:**

_____
PRICE, J.

We concur:

_____
MAXA, P.J.

_____
Veljacic, J.

No. 54556-0-II

VELJACIC, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 54556-0-II |
| DARRYL DAVID PIERCE, | |
| Petitioner. | PUBLISHED OPINION |

PRICE, J. — In this personal restraint petition (PRP), Darryl David Pierce challenges his conviction for first degree felony murder as an accomplice. Pierce argues that newly discovered evidence supports withdrawing his guilty plea. He also argues that he can establish a gateway actual innocence claim to overcome the time bar. We dismiss Pierce's PRP as time barred.

FACTS

I. BACKGROUND

On February 7, 2006, Pierce committed felony murder in the first degree as an accomplice. Together with co-defendants, Sirree Tariq Muhammad, Ronee L. Gutierrez, and Ulysses Handy III, Pierce committed robbery and stole a safe full of cash, drugs, and a gun, from Darren Christian. In the course of the robbery, co-defendant Handy shot and killed Darren Christian, Daniel Varo, and Lindy Cochran in their home. Pierce pleaded guilty in Pierce County Superior Court on March 3, 2008, to first degree murder with an *Alford*[1] plea.

The factual basis for his *Alford* plea was the probable cause statement that referenced statements from multiple participants in the crime indicating Pierce's involvement. The probable

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

No. 54556-0-II

cause statement included details from Gutierrez's statement including that she and Pierce drove

Handy to the robbery and she watched Pierce enter the house and retrieve a safe after hearing

several shots fired inside. And the probable cause statement detailed Pierce's statement to police

admitting his involvement in the robbery and knowledge of Handy's violent nature.

II. HANDY LETTER

On May 8, 2020, Pierce filed this PRP based on newly discovered evidence. The PRP was

based on a May 2019 letter from Handy declaring Pierce's innocence. The letter stated:

> To whom it may concern,
>
> My name is Ulysses Handy III, DOC#787678, and I would like to declare the innocence of Darryl David Pierce in my crimes of robbery and murder. Darryl did not have any knowledge of my intention nor the commission of me robbing and murdering Darren Christian, Lindy Cochran, and Daniel Varo. I acted alone in my crimes. I asked him for a ride to the store and to make a quick stop at a friend's house so I can retrieve something that belongs to me. I told him to stay outside in the car and I'll be right back. I did not intend for Darryl to get in any trouble for my actions that night. I alone am to blame for my actions and I, Ulysses Handy III, accept full responsibility.
>
> Sincerely,
> Ulysses Handy III

Br. in Support of PRP, Ex. E. The letter was notarized.

This is Pierce's fourth personal restraint petition. *In re Pers. Restraint of Pierce*, No.

51233-5-II; Order Terminating Review, *In re Pers. Restraint of Pierce*, No. 39465-1-II (Wash. Ct.

App. Aug. 19, 2009); Order Terminating Review, *In re Pers. Restraint of Pierce*, No. 40576-8-II

(Wash. Ct. App. June 23, 2010). None of the prior petitions included this information.

2

No. 54556-0-II

ANALYSIS

## I. LEGAL PRINCIPLES

To be entitled to relief in a PRP, the petitioner must show either (1) a constitutional error resulting in actual and substantial prejudice, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013).

Under RCW 10.73.140:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.

If a petition is successive under RCW 10.73.140 and not time barred, we must transfer the petition to the Supreme Court. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 562, 387 P.3d 719 (2017) ("RCW 2.06.030 compels the Court of Appeals to transfer a successive petition that raises new grounds, and that is not time barred, to" the Supreme Court.); *see also In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 362, 256 P.3d 277 (2011); *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 86-87, 74 P.3d 1194 (2003). If the petition is time barred, it must be dismissed. *Bell*, 187 Wn.2d at 564.

Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent

3

jurisdiction."[2]   RCW 10.73.100 provides six exceptions to the one-year time bar on collateral

attacks, one of which is based on newly discovered evidence:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>
> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion.

In addition, a gateway actual innocence claim is "used to avoid procedural time bars so that a court

may review other claimed constitutional errors." *In re Pers. Restraint of Weber*, 175 Wn.2d 247,

256, 284 P.3d 734 (2012).[3]

---

[2] In addition to his arguments regarding newly discovered evidence and actual innocence, Pierce claims that his PRP is not time barred based on Governor's Proclamation 20-47 (regarding limitation of actions for criminal justice based on COVID-19 emergency).  However, the proclamation only preserves existing rights; it does not revive already expired claims. *In re Pers. Restraint of Blanks*, 14 Wn. App. 2d 559, 560-61, 471 P.3d 272 (2020).  Here, the time bar expired on March 3, 2009, a year after Pierce pled guilty.  Because the time bar expired well before the Governor issued Proclamation 20-47, the proclamation has no application to Pierce's petition.

[3] We note that when the petitioner's allegations are based on matters outside of the existing record, the petitioner must show that competent, admissible evidence supports the allegations. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).  It must be based on more than speculation, conjecture, or inadmissible hearsay. *Id*.  Here, Pierce has only presented a notarized letter to support his claims.  A notarized letter does not meet the GR 13 requirements for an affidavit because it does not certify or declare that it is true under the penalty of perjury under the laws of the State of Washington.  Because the letter does not meet the requirements for an affidavit, it would be possible to dismiss Pierce's PRP due to a failure to support his PRP with competent, admissible evidence.  However, since the State does not object to consideration of the letter, we consider the substance of the letter when determining whether Pierce's PRP is time barred.

No. 54556-0-II

II. TIME BAR

Pierce's conviction became final on March 8, 2008, when he entered his guilty plea. Therefore the time bar expired one year later in March 2009. To avoid the time bar, Pierce argues his PRP is based on newly discovered evidence—the letter from co-defendant Handy—and that he has established actual innocence as a gateway claim.

First, Pierce argues that the Handy letter is newly discovered evidence and, therefore, his petition is exempt from the time bar. We disagree.

Generally, a guilty plea bars a later collateral attack based on newly discovered evidence. *In re Pers. Restraint of Spencer*, 152 Wn. App. 698, 708, 218 P.3d 924 (2009). However, an *Alford* plea may be attacked if newly discovered evidence changes the factual basis for the plea. *Id*. Therefore, in the context of an *Alford* plea, a PRP based on newly discovered evidence would only be exempt from the time bar if that evidence changed the factual basis for the plea.

Here, the independent factual basis for Pierce's *Alford* plea was the probable cause statement which relied on statements from multiple co-defendants, as well as statements from Pierce himself. Handy's letter does not change the evidence in the probable cause statement because the statement was based on these multiple sources, and not a statement from Handy indicating Pierce's guilt. Although Pierce argues that Handy's letter contradicts some of the inferences within the probable cause statement, this, by itself, is not enough. Again, the probable cause statement was based on multiple sources of evidence, most of which created independent bases for, and strong indicators of, Pierce's guilt. For example, Gutierrez's statement detailing Pierce's involvement in the robbery, including entering the house to retrieve property after hearing shots fired inside, provide a sufficient independent factual basis for the plea. Regardless of

5

Handy's letter there remains an independent factual basis for Pierce's plea.[4] Therefore, Handy's letter does not meet the requirements for newly discovered evidence necessary to avoid the time bar.

Second, Pierce argues that the time bar is also exempted by invoking a gateway actual innocence claim. We disagree.

The actual innocence doctrine may be invoked as a "gateway" claim of actual innocence for a procedural bar. *Weber,* 175 Wn.2d at 256. In a gateway actual innocence claim, the petitioner must show a constitutional error has occurred. The petitioner must show that there is new reliable evidence that makes it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt if that evidence had been presented. *Weber*, 175 Wn.2d at 258-60.

Here, Pierce cannot establish a gateway actual innocence claim. Because Pierce's complicity in the robbery and homicides was indicated by the statements of multiple people, including his own, it is not likely that a single statement by a co-defendant would make it probable that no reasonable juror would have found Pierce guilty beyond a reasonable doubt. *Id*. Pierce has not met his high burden to establish a gateway actual innocence claim. Thus, a gateway actual innocence claim is inapplicable to Pierce and his PRP is time barred.

---

[4] To the extent, Pierce argues that we should not consider his statements in the probable cause statement because of the corpus delicti rule, we disagree because Pierce stipulated to consideration of the probable cause statement to establish the factual basis of his guilty plea.

6

No. 54556-0-II

We dismiss Pierce's PRP because it is time barred.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

VELJACIC, J.

7