# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>THEODORE ROOSEVELT RHONE,<br><br>Petitioner. | No. 55317-1-II<br>Consolidated with<br>No. 54177-7-II<br><br>UNPUBLISHED OPINION |

MAXA, J. – Theodore Rhone filed a personal restraint petition (PRP) regarding his 2005 conviction of first degree robbery. The conviction arose from an incident in which Rhone used a gun to rob a fast food restaurant.

Rhone was charged under RCW 9A.56.200(1)(a)(i), the alternative means for first degree robbery that requires the person to be "armed with a deadly weapon." But the to-convict jury instruction referenced a different alternative means, "displays what appears to be a firearm" under RCW 9A.56.200(1)(a)(ii). The jury convicted Rhone of first degree robbery under that instruction, and also found that Rhone was armed with a firearm for purposes of a sentencing enhancement. Rhone argues that the discrepancy between the information and the to-convict jury instruction entitles him to a new trial.

In 2019, this court dismissed a previous PRP in which Rhone made the same argument. The court held that Rhone's PRP was time barred because the judgment and sentence was valid on its face, and even if he could avoid the time bar, he could not show actual and substantial prejudice.

We hold that Rhone's PRP is successive and time barred. Accordingly, we dismiss his PRP.

FACTS

*Background*

In 2003, Rhone, as a passenger in a car, pointed a gun at an attendant in a drive-through window and demanded money. The State charged Rhone with first degree robbery under RCW 9A.56.200(1)(a)(i), alleging that he was "armed with a deadly weapon." At trial, the State proposed and the trial court gave a jury instruction stating that the jury could convict Rhone of first degree robbery if it found that he displayed "what appears to be a firearm," the alternative means under RCW 9A.56.200(1)(a)(ii).

The jury found Rhone guilty of first degree robbery, unlawful possession of a controlled substance and unlawful possession of a firearm, and also found by special verdict that he was armed with a firearm for purposes of a sentencing enhancement. The trial court sentenced Rhone to life without the possibility of parole under the Persistent Offender Accountability Act, chapter 9.94A RCW.

*Procedural History*

Rhone's convictions were affirmed by this court and by the Supreme Court. *State v. Rhone*, noted at 137 Wn. App. 1046, 2007 WL 831725, at *14 (*Rhone* I), *aff'd*, 168 Wn.2d 645, 229 P.3d 752 (2010) (*Rhone* II).

Rhone then filed a series of personal restraint petitions challenging his convictions for unlawful possession of a controlled substance and unlawful possession of a firearm. *State v. Rhone*, No. 46960-0-II, slip op. at 1 (Wash. Ct. App. July 6, 2016) (unpublished) (*Rhone* III), https://www.courts.wa.gov/opinions/pdf/D2%2046960-0-II%20Unpublished%20Opinion.pdf. This court vacated those convictions and remanded to the trial court. *Id.* at 1-2. But the court

affirmed Rhone's conviction for first degree robbery with a firearm enhancement. *Id.*at 10, 12-13.  Therefore, his life sentence remained unchanged.

On remand, Rhone argued in the trial court that his first degree robbery conviction should be reversed because the alternative means charged in the information was different than the alternative means referenced in the to-convict instruction.  The trial court determined that this claim was time barred and transferred the claim to this court as a PRP.  Rhone filed a direct appeal of the trial court's decision, but this court treated the claim as a PRP.  *State v. Rhone*, No. 51517-2-II, slip op. at 6 (Wash. Ct. App. Dec. 17, 2019) (unpublished) (*Rhone* IV), https://www.courts.wa.gov/opinions/pdf/D2%2051517-2-II%20Unpublished%20Opinion.pdf.

Rhone argued in this court that "he was denied his due process right to be informed of the charges against him because the jury instructions permitted conviction on an alternate means for first degree robbery that was not included in the information."  *Id.* at 7.  He asserted that this jury instruction claim was not time barred because the original judgment and sentence was invalid on its face.  *Id.* at 10-12.  This court rejected this argument, holding that the judgment and sentence was valid on its face and therefore Rhone's claim was time-barred.  *Id.* at 12.

In a footnote, the court stated:

Even if Rhone could avoid the time bar by establishing facial invalidity, he cannot show actual and substantial prejudice.  The jury made a specific finding that Rhone was armed with a firearm during the commission of the robbery, and we did not invalidate this special verdict in Rhone's earlier appeal. The jury therefore found the fact necessary to support the charged means of being armed with a firearm.

*Id*. at 12 n.4 (citation omitted).

Accordingly, this court dismissed Rhone's petition.  *Id.* at 13.  The Supreme Court denied review of Rhone's petition.

Before the mandate for *Rhone IV* was issued, Rhone filed this current PRP.

3

ANALYSIS

As in *Rhone* IV, Rhone again argues in his PRP that his first degree robbery conviction should be reversed because the alternative means charged in the information was different than the alternative means reference in the to-convict instruction. We conclude that Rhone's PRP must be dismissed as a successive petition that is untimely.

A.    LEGAL PRINCIPLES

RCW 10.73.140 states as follows:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.

Further, "[i]f upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review . . . the court of appeals shall dismiss the petition." RCW 10.73.140; *see also In re Pers. Restraint of Bell*, 187 Wn.2d 558, 562, 387 P.3d 719 (2017).

RCW 10.73.140 is jurisdictional; the Court of Appeals has no jurisdiction if it determines that "the petitioner has previously raised similar grounds for relief." *Bell*, 187 Wn.2d at 563. However, RCW 10.73.140 does not apply to the Supreme Court. *Id.* at 563. RAP 16.4 allows the Supreme Court to consider a petitioner's successive petition for similar relief if good cause is shown. *Id.* Therefore, if the Court of Appeals must transfer a petition to the Supreme Court if it determines that good cause might apply to a successive petition asserting similar grounds. *Id.*

There is an exception to this transfer rule. *Id.* at 564. If a petition is both successive and untimely, the Court of Appeals must dismiss the petition as untimely rather than transfer it to the Supreme Court. *Id.*

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a judgment becomes final. The one year time limit may be avoided if the judgment and sentence is

invalid on its face or was entered by a court without competent jurisdiction. RCW 10.73.090(1); *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 255, 284 P.3d 734 (2012). The time limit also does not apply if the petition is based solely on one or more of the statutory exceptions to the time limit listed in RCW 10.73.100. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014). The time bar created by RCW 10.73.090 is a mandatory rule with no "good cause" or "ends of justice" exceptions. *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 694, 9 P.3d 206 (2000).

B.    ANALYSIS

Here, Rhone's PRP is based on the same grounds as the petition this court addressed in *Rhone IV*. This court dismissed the petition as time-barred, and also concluded that the petition failed on the merits even if it was timely. *Rhone* IV, slip op. at 12 & n.4. Therefore, Rhone's current PRP is successive and we have no jurisdiction under RCW 10.73.140 to consider it.

Because Rhone's PRP is successive, we must dismiss the petition rather than transferring it to the Supreme Court if the petition also is untimely. *Bell*, 187 Wn.2d at 564. As in *Rhone IV*, Rhone argues that his PRP is not time-barred because his judgment and sentence is invalid on its face. He claims that facial invalidity can be determined by reviewing the challenged jury instruction. But we rejected that argument in *Rhone IV*, noting that no Washington case had consulted jury instructions in determining facial invalidity. *Rhone IV*, slip op. at 11. This court held that Rhone's judgment and sentence was valid on its face. *Id.* at 12. And the Supreme Court denied review. We agree. Therefore, Rhone's current PRP is time-barred.

Because Rhone's PRP is successive and time barred, we must dismiss it rather than transferring it to the Supreme Court. *Bell*, 187 Wn.2d at 564.

CONCLUSION

We dismiss Rhone's PRP.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, C.J.

VELJACIC, J.