# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 56056-9-II |
| STEVEN ALLEN PEMBERTON, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, J. – Steven Pemberton filed a personal restraint petition (PRP) regarding his 2005 convictions of attempted second degree rape of a child, attempted commercial sexual abuse of a minor, communication with a minor for immoral purposes, and possession of a controlled substance. The convictions arose from a Washington State Patrol sting operation where an officer communicated with Pemberton while pretending to be a 13-year-old girl.

Pemberton argues he is under unlawful restraint because (1) the State failed to disclose exculpatory information in violation of *Brady*,[1] (2) he was denied his constitutional right to present a defense when defense counsel refused to present an entrapment defense, (3) sufficient evidence does not support his convictions, and (4) he received ineffective assistance of counsel because of inadequate communication.

Pemberton filed a previous PRP, which raised several of the same issues. That PRP was consolidated with Pemberton's direct appeal, and he raised the same issues asserted in the PRP in a statement of additional grounds (SAG). Division One of this court rejected Pemberton's SAG and PRP arguments and affirmed his convictions.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

We hold that Pemberton's timely PRP is successive. Accordingly, we transfer it to the Supreme Court.

FACTS

*Background*

The Washington State Patrol developed a sting operation in Kitsap County in which an officer used different personas to go on social media sites and post ads requesting sexual encounters. Pemberton responded to an ad through email, expressing interest and sending two photos of his penis. Pemberton was told that he was communicating with a 13-year-old girl. The two then exchanged several sexually explicit texts and planned a place to meet.

Police arrested Pemberton near the meeting place. He had a small amount of methamphetamine in his possession. The State charged Pemberton with attempted second degree rape of a child, attempted commercial sexual abuse of a minor, communication with a minor for immoral purposes, and possession of a controlled substance. A jury convicted Pemberton as charged.[2]

*Procedural History*

Pemberton appealed his convictions in 2018. And in 2019 he filed a CrR 7.8 motion, which was transferred to this court as a PRP. This court consolidated the appeal and the PRP.

Division One of this court affirmed Pemberton's convictions. *State v. Pemberton*, No. 81366-8-I, slip op. at 1 (Wash. Ct. App. June 8, 2020), https://www.courts.wa.gov/opinions/pdf/813668.pdf. The court rejected the assertions that

---

[2] Both parties represent that the trial court has resentenced Pemberton without the possession conviction based on *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). An amended judgment and sentence is not in our record.

Pemberton made in his SAG regarding a *Brady* violation, his defense counsel's failure to raise an entrapment offense, sufficiency of the evidence, and outrageous police misconduct. *Id.* at 16-23.

The court also denied Pemberton's PRP. *Id*. at 23 n.7. The court stated that Pemberton raised the same issues that he raised in his SAG – *Brady* violation, entrapment, and outrageous police conduct. *Id.* The court held that these arguments failed on the merits for the reasons explained in its analysis of Pemberton's SAG. *Id.* The court also noted that to the extent Pemberton's PRP raised issues of ineffective assistance of counsel relating to his claims, these arguments also failed because he could not show prejudice. *Id.*

The Supreme Court denied review and the matter mandated on February 3, 2021. Pemberton filed his current PRP on August 10, 2021.

ANALYSIS

Pemberton argues that he is under unlawful restraint because the State violated *Brady*, he was denied his constitutional right to present a defense, sufficient evidence does not support his convictions, and he received ineffective assistance of counsel. We conclude that Pemberton's second PRP is timely but successive. Therefore, we must transfer it to the Supreme Court.

A.     LEGAL PRINCIPLES

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a judgment becomes final. A judgment becomes final after "an appellate court issues its mandate disposing of a timely direct appeal from the conviction." RCW 10.73.090(3)(b). As a result, Pemberton's PRP is timely.

RCW 10.73.140 states that if a person has previously filed a PRP, "the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous

3

petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." RCW 10.73.140 is jurisdictional; the Court of Appeals has no jurisdiction if it determines that the petitioner has previously filed a PRP for similar relief. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 563, 387 P.3d 719 (2017). "A successive petition seeks 'similar relief' within the meaning of RAP 16.4(d) if it raises matters that have been previously heard and determined on the merits." *Id.*

However, RCW 10.73.140 does not apply to the Supreme Court. *Bell*, 187 Wn.2d at 563. RAP 16.4 allows the Supreme Court to consider a petitioner's successive petition for similar relief if good cause is shown. *Bell*, 187 Wn.2d at 563. Therefore, the Court of Appeals must transfer a petition to the Supreme Court if it determines that good cause might apply to a successive petition asserting similar grounds. *Id.*

B.      SUCCESSIVE PRP

Here, Pemberton filed a PRP in 2019, making this PRP successive. Pemberton raises three of the same arguments in this PRP as he raised in his 2019 PRP: an alleged *Brady* violation, entrapment, and sufficiency of the evidence. He argues that we should reexamine these issues because he represented himself in the prior PRP, so arguably the good cause exception in RAP 16.4 could apply. Therefore, we must transfer his PRP to the Supreme Court. *Bell*, 187 Wn.2d at 563.[3]

---

[3] As noted above, Division One rejected these arguments. *Pemberton*, slip op. at 23 n.7. In general, a PRP may not raise an issue that already has been raised and rejected on direct appeal unless the interests of justice require reexamining the issue. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). But because Pemberton's PRP is successive, we must transfer it to the Supreme Court rather than determining whether reexamination is appropriate.

No. 56056-9-II

Regarding Pemberton's remaining argument, that he received ineffective assistance of counsel because of lack of communication, he fails to show good cause why this argument was not raised in his 2019 PRP. Therefore, we have no jurisdiction under RCW 10.73.140 to consider that argument.

Because Pemberton's PRP is timely but successive, we must transfer the petition to the Supreme Court. *Bell*, 187 Wn.2d at 563.

CONCLUSION

We transfer Pemberton's PRP to the Supreme Court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

CRUSER, A.C.J.