# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>THOMAS WILLIAM SINCLAIR RICHEY,<br><br>Petitioner. | No. 56453-0-II<br>(consolidated with no. 56843-8-II) |
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>Appellant,<br><br>v.<br><br>JAMES KEY, AHCC Superintendent,<br><br>Respondent. | UNPUBLISHED OPINION |

CRUSER, C.J. – Thomas William Sinclair Richey seeks relief from his concurrent 65-year stipulated exceptional sentences imposed following his 1987 guilty plea convictions for first degree murder and attempted first degree murder. In this consolidated matter, Richey appeals from the Spokane Superior Court's orders denying 3 habeas corpus petitions and seeks relief by means of a personal restraint petition (PRP).[1]

Because Richey has failed to provide a record sufficient to review the denial of two of his habeas corpus petitions, we decline to address the dismissal of those petitions. In his third habeas

---

[1] RAP 16.4.

corpus petition and his PRP Richey argues that his sentences are unlawful under *State v. Weatherwax*, 188 Wn.2d 139, 392 P.3d 1054 (2017) and that his habeas corpus petition and PRP are timely because this error renders his judgment and sentence facially invalid.

Because *Weatherwax* does not apply to Richey's sentences, his facial invalidity argument fails. And Richey does not demonstrate any other facial invalidity or argue that any other exception to the one-year time bar, RCW 10.73.090(1), applies to either his PRP or his third habeas corpus petition.

Accordingly, we deny Richey's PRP. Additionally, although the Spokane Superior Court was required to transfer the third habeas corpus petition to this court for consideration as a PRP because it was time barred rather than deny the petition, in the interest of justice we convert the third habeas corpus petition to a PRP and deny it as well.[2]

FACTS

I. BACKGROUND

In 1987, Richey pleaded guilty to first degree murder and attempted first degree murder in Pierce County Superior Court. Richey committed these crimes on March 28, 1986.

At the sentencing hearing, the parties stipulated to concurrent 65-year exceptional sentences on each count. The sentencing court stated that it was imposing the stipulated concurrent sentences. And in its findings of fact and conclusions of law supporting the exceptional sentences, the sentencing court twice stated that it was sentencing Richey to concurrent sentences as required

---

[2] Although the PRPs are successive, we dismiss them rather than transfer them to our supreme court because they are also time barred. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 564, 387 P.3d 719 (2017).

under former RCW 9.94A.400 (1984).[3] No one mentioned consecutive sentences at any point during the sentencing hearing.

Richey's judgment and sentence contained the following sentencing information:

| OFFENSE | SERIOUSNESS LEVEL | OFFENDER SCORE | STANDARD SENTENCING RANGE |
|---------|-------------------|----------------|---------------------------|
| First Degree Murder | XIII | 3 | 271 to 362 months |
| Attempted First Degree Murder | XIII x .75 | 0 | 180 to 240 months |

Clerk's Papers at 13. And in the judgment and sentence the sentencing court imposed concurrent exceptional sentences of 65 years on each conviction.

Richey did not appeal. In the years that followed, Richey filed numerous PRPs challenging his convictions and sentence.

## II. HABEAS CORPUS PETITIONS

In September 2021, Richey, who was then incarcerated in Spokane County, filed two habeas corpus petitions in the Spokane County Superior Court. These two petitions are not in the record on appeal. The Spokane County Superior Court denied both petitions without a hearing and without commenting on the basis of the denials.

Richey filed a third habeas corpus petition in October 2021. In this petition Richey argued that his offender score was miscalculated under *Weatherwax* and that his habeas corpus petition was not time barred because this error rendered his judgment and sentence facially invalid. The Spokane County Superior Court also denied this petition without a hearing and without commenting on the basis of its denial.

---

[3] RCW 9.9A.400 was recodified as RCW 9.94A.595. *See* LAWS OF 2001, ch. 10, § 6.

Richey appealed the denial of the three habeas corpus petitions to Division Three of this court. Division Three subsequently transferred the appeal to this court.

### III. PERSONAL RESTRAINT PETITION

Meanwhile, in October 2021, Richey also filed a PRP raising the same *Weatherwax* issue in this court.[4] After Division Three transferred Richey's appeal to this court, we consolidated the appeal with his PRP.

### ANALYSIS

### I. SEPTEMBER 2021 HABEAS CORPUS PETITIONS

Richey appeals the denial of his two September 2021 habeas corpus petitions. But he does not include these petitions in the appellate record or present any argument, citation to the record, or legal authority related to the denial of these petitions in his appellate brief.

RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Furthermore, "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Because Richey fails to meet these standards, we decline to address the denial of the two September 2021 petitions and affirm the Spokane Superior Court's dismissal of these petitions.

---

[4] Richey originally filed this PRP as a CrR 7.8 motion in the Pierce County Superior Court. The superior court transferred the motion to this court for consideration as a PRP under CrR 7.8(c)(2). Richey subsequently amended the PRP three times. In this opinion we address the fourth amended PRP.

## II. OCTOBER 2021 HABEAS CORPUS PETITION AND PRP ARE TIME BARRED

In both his PRP and his appeal from the denial of his October 2021 habeas corpus petition Richey argues that the sentencing court sentenced him under former RCW 9.94A.400(1)(b) and that these sentences are unlawful under *Weatherwax* because the sentencing court based his exceptional sentences on the standard range for the first degree murder conviction rather than the lower standard sentencing range for the attempted first degree murder conviction. And he contends that the use of the improper offender score renders his judgment and sentence facially invalid so his PRP and habeas corpus petition are not time barred. We disagree.

PRPs and habeas corpus petitions are collateral attacks on a judgment and sentence. RCW 10.73.090(2). "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1).

Because Richey did not appeal, his judgment and sentence became final when it was filed in 1987. RCW 10.73.090(3)(a). Richey filed his PRP and this third habeas corpus petition in 2021, more than one year later. Accordingly, Richey's PRP and third habeas corpus petition are time barred and must be dismissed unless he can show that his judgment and sentence is invalid on its face, not rendered by a court of competent jurisdiction, or meets one of the six enumerated exceptions to the time bar listed in RCW 10.73.100. Richey argues only that his judgment and sentence is facially invalid because, under *Weatherwax*, the sentencing court sentenced him using the wrong offender score. Richey mischaracterizes his sentence.

In *Weatherwax* our supreme court addressed former RCW 9.94A.589(1)(b) (2002), which provided:

> Whenever a person is convicted of *two* or more serious violent offenses arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. The standard sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. *All sentences imposed under (b) of this subsection shall be served consecutively to each other* and concurrently with sentences imposed under (a) of this subsection

(Emphasis added.)

The *Weatherwax* court held that when calculating the offender scores and standard ranges for multiple current offenses that include two serious violent offenses with the same seriousness level but one of the offenses is an anticipatory offense, "the trial court must choose the offense whose standard range is lower as the starting point for calculating the consecutive sentences." *Weatherwax*, 188 Wn.2d at 156.

Richey contends that under *Weatherwax*, the sentencing court should have considered the standard range for his attempted first degree murder conviction, not the standard range for his first degree murder conviction before imposing the exceptional sentence. But Richey was not sentenced under former RCW 9.94A.589(1)(b)—he was sentenced under former RCW 9.94A.400(1)(a).

Former RCW 9.94A.400 provided, in part:

> (1)(a) Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. *All sentences so determined shall be served concurrently.* Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.

6

> (b) Whenever a person is convicted of *three or more* serious violent offenses, as defined in RCW 9.94A.330, arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level under RCW 9.94A.320 shall be determined using the offender's prior convictions as criminal history and the sentence range for other serious violent offenses shall be determined by using a criminal history score of zero. The sentence range for any remaining offenses shall be determined according to (a) of this subsection. *All sentences imposed under (b) of this subsection shall be served consecutively to each other* and concurrently with sentences imposed under (a) of this subsection.

(Emphasis added.)

The sentencing court did not have the authority to sentence Richey under former RCW 9.94A.400(1)(b) because Richey had not been convicted of *three or more* serious violent offenses. Additionally, the sentencing court clearly sentenced Richey to concurrent, not consecutive sentences, which demonstrates that the court sentenced him under former RCW 9.94A.400(1)(a) rather than (1)(b).

Because Richey was sentenced under former RCW 9.94A.400(1)(a) rather than (1)(b), the principles announced in *Weatherwax* do not apply, and *Weatherwax* does not require the sentencing court to use the lower standard range of the attempted fist degree murder as the starting point for calculating Richey's sentence.[5] Thus, Richey does not demonstrate that his judgment and sentence was facially invalid under *Weatherwax*.

---

[5] Richey's arguments do not persuade us otherwise. Richey argues that the fact the sentencing court did not address whether the two offenses were same criminal conduct demonstrates that the court sentenced him under former RCW 9.94A.400(1)(b). But these offenses were committed against two different victims, so the sentencing court could not have found that they constituted same criminal conduct. *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237 (1987) (interpreting former RCW 9.94A.400(1)(a)). And Richey argues that the stipulated sentence was proposed under former RCW 9.94A.400(1)(b). But the record shows that the parties agreed to concurrent sentences, which were available only under former RCW 9.94A.400(1)(a), not (1)(b), so the record does not support that assertion.

Because *Weatherwax* does not apply to Richey's sentence and he does not establish facial invalidity or any other exception to the one-year time bar, RCW 10.73.090(1), both his PRP and his third habeas corpus petition are untimely. Accordingly, we deny Richey's PRP. Additionally, although the Spokane Superior Court was required to transfer the third habeas corpus petition to this court for consideration as a PRP because it was time barred rather than deny the habeas corpus petition, *Smith v. Miller*, 25 Wn. App. 2d 561, 563-64, 524 P.3d 1054 (2023), in the interest of justice we convert the third habeas corpus petition to a PRP and deny it as well.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

GLASGOW, J.

CHE, J.