IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Personal Restraint of:

OSSIE LEE SLAUGHTER, JR.,

Petitioner.

No. 86390-8-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — In this personal restraint petition (PRP), Ossie Slaughter challenges his 2006 jury conviction for felony murder in the second degree predicated on assault in the second degree. Slaughter contends that his PRP is timely, and his restraint is unlawful, because recent developments in case law have rendered the felony murder statute unconstitutional. We dismiss his PRP as time barred.

FACTS

In 2003, the State charged Slaughter with murder in the second degree for the stabbing death of Vernando Rosborough. The trial court instructed the jury on the elements of intentional murder in the second degree, or in the alternative, felony murder in the second degree predicated on assault in the second degree. Slaughter argued that the stabbing was an accident that happened in the course of self-defense. The jury acquitted Slaughter of intentional murder but found him guilty of felony murder.

This court upheld Slaughter's judgment and sentence on direct appeal, and our Supreme Court denied review. See State v. Slaughter, 143 Wn. App. 936, 186 P.3d

1084, review denied, 164 Wn.2d 1033 (2008). Slaughter's judgment and sentence became final on February 13, 2009, when this court issued the mandate disposing of his direct appeal. See RCW 10.73.090(3)(b).

In February 2024, Slaughter filed this personal restraint petition challenging his judgment and sentence. This is Slaughter's third collateral attack on his conviction.[1]

DISCUSSION

Relief obtained through a PRP is extraordinary. In re Pers. Restraint of Fero, 190 Wn.2d 1, 14, 409 P.3d 214 (2018). Petitioners may seek relief through a PRP when they are under unlawful restraint. RAP 16.4(a); In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 149, 866 P.2d 8 (1994). The petitioner bears the burden of showing that the PRP was timely filed. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010). RCW 10.73.090 bars a PRP filed "more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."

Slaughter filed this petition many years after his judgment and sentence became final, and he does not argue facial invalidity or lack of competent jurisdiction. However, RCW 10.73.100 provides seven exceptions to the one-year time limit. Slaughter contends that his PRP is timely under RCW 10.73.100(2), which provides that the time bar does not apply when "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct." A statute is presumed to be constitutional, and the party challenging it bears the burden to prove that it is unconstitutional beyond a reasonable doubt.

---

[1] See Nos. 64880-2-I, 68796-4-I (Wash. Ct. App.). Both were unsuccessful.

RCW 9A.32.050(1)(b) provides that a person commits murder in the second degree when he or she "commits or attempts to commit any felony, including assault ... and, in the course of and in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants." "The purpose of the felony murder rule is to deter felons from killing negligently or accidentally by holding them strictly responsible for killings they commit." State v. Leech, 114 Wn.2d 700, 708, 790 P.2d 160 (1990).

Slaughter argues that felony murder is unconstitutional as applied to individuals charged with assault as a predicate where, as here, there is no independent purpose to that assault. He asks this court to adopt the "merger doctrine" whereby the precedent assault on the person killed merges into the resulting homicide. However, our Supreme Court has repeatedly rejected arguments that the merger doctrine should preclude felony assault as a predicate crime for felony murder. See State v. Harris, 69 Wn.2d 928, 421 P.2d 662 (1966); State v. Thompson, 88 Wn.2d 13, 558 P.2d 202 (1977); State v. Wanrow, 91 Wn.2d 301, 588 P.2d 1320 (1978); State v. Crane, 116 Wn.2d 315, 804 P.2d 10 (1991). In In re Personal Restraint of Andress, 147 Wn.2d 602, 615-16, 56 P.3d 981 (2002), our Supreme Court departed from this precedent and held that "the Legislature did not intend assault to serve as the predicate felony for second degree felony murder." In response, the legislature amended the second degree felony murder statute to expressly include assault. In doing so, the legislature found

> that the 1975 legislature clearly and unambiguously stated that any felony, including assault, can be a predicate offense for felony murder. The intent was evident: Punish, under the applicable murder statutes, those who commit a homicide in the course and in furtherance of a felony. ... The legislature does not agree with or accept the court's findings of legislative intent in State v. Andress ... and reasserts that assault has always been

3

and still remains a predicate offense for felony murder in the second degree.

Laws of 2003, ch. 3, § 1. Our Supreme Court has recognized that, "following our decision in Andress, the legislature amended the second degree felony murder statute, effective February 12, 2003, to clarify that assault is included as a predicate crime under the second degree felony murder statute." In re Pers. Restraint of Bowman, 162 Wn.2d 325, 335, 172 P.3d 681 (2007). This court is bound to follow Supreme Court precedent. State v. Winborne, 4 Wn. App. 2d 147, 175, 420 P.3d 707 (2018).

Slaughter nevertheless argues that felony murder is now unconstitutional based on recent developments in Washington law. His arguments are not persuasive.

Slaughter cites State v. Arndt, 194 Wn.2d 784, 453 P.3d 696 (2019) for the proposition that "the merger doctrine … has evolved and now includes the previously missing independent purpose or effect test." His reliance is misplaced. The issue in Arndt was whether the defendant's right to be free from double jeopardy was violated when the trial court entered convictions for both first degree murder aggravated by the commission of first degree arson and first degree arson itself. Id. at 815. In the double jeopardy context, the "merger doctrine" refers to the principle that "when the degree of one offense is raised by conduct separately criminalized by the legislature, we presume the legislature intended to punish both offenses through a greater sentence for the greater crime." State v. Freeman, 153 Wn.2d 765, 772-73, 108 P.3d 753 (2005). An exception to the merger doctrine arises when overlapping offenses serve independent purposes or have distinct effects. Arndt, 194 Wn.2d at 819. The Arndt court held that the independent purpose or effect exception to the merger doctrine applied, so allowing both convictions to stand did not violate double jeopardy. Id. Here, in contrast, the State

4

did not seek to convict Slaughter for both felony murder and assault. The felony murder merger rule does not apply to Slaughter's case.

Slaughter points out that Washington remains an outlier in rejecting the merger rule for felony murder with an underlying assault. See State v. Leonard, 183 Wn. App. 532, 537, 334 P.3d 81 (2014) (noting that "'[m]ost states which have considered the question have adopted the merger rule, resulting in a holding that only felonies independent of the homicide can support a felony murder conviction'" (alteration in original) (quoting Thompson, 88 Wn.2d at 17)). But "adoption of the doctrine by this court would be an unwarranted and insupportable invasion of the legislative function in defining crimes." Wanrow, 91 Wn.2d at 303; see also State v. Armstrong, 143 Wn. App. 333, 343, 178 P.3d 1048 (2008) (whether the felony murder statute is "unfair and overly harsh" is a policy question "better directed to the legislature").

Slaughter also argues that felony murder is a strict liability crime that is now unconstitutional under State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). In Blake, our Supreme Court held that former RCW 69.50.4013 (2017), a statute that criminalized unintentional, unknowing possession of controlled substances, was unconstitutional because it lacked a mens rea element. 197 Wn.2d at 193-94. Slaughter contends that the same principle applies here because felony murder is a strict liability crime that dramatically increases the punishment for actions that do not require the mens rea ordinarily associated with murder. But the statute at issue in Blake criminalized "innocent, passive nonconduct" with no mens rea. Id. at 183. In contrast, felony murder requires the mental state necessary to prove the predicate felony. Wanrow, 91 Wn.2d at 311. And the Blake court confirmed its holding did "nothing ... to disturb the legislature's

5

power to enact strict liability crimes." 197 Wn.2d at 193. Slaughter has not shown that the felony murder statute is unconstitutional.

## CONCLUSION

Because RCW 10.73.100(2) does not exempt Slaughter's PRP from the one-year time bar under RCW 10.73.090(1), we dismiss the PRP as untimely.[2]

_Cohen, J._

WE CONCUR:

_Díaz, J._ _Smith, J._

---

[2] We need not address the successive nature of Slaughter's petition because it is untimely. RCW 10.73.140; In re Pers. Restraint of Bell, 187 Wn.2d 558, 564, 387 P.3d 719 (2017) (this court will summarily dismiss a successive petition that does not overcome the one year time bar).