# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 52172-5-II |
| LA'JUANTA LE'VEAR CONNER, | |
| Petitioner. | UNPUBLISHED OPINION |

WORSWICK, J. — La'Juanta Le'Vear Conner seeks relief from personal restraint imposed following his 2012 Kitsap County convictions for various counts of burglary, robbery, and theft related to a series of home invasion robberies and burglaries.

In his personal restraint petition (PRP), Conner raises numerous arguments, including that his trial counsel rendered ineffective assistance of counsel, the sentencing court abused its discretion by failing to meaningfully consider Conner's youth, the sentencing court abused its discretion by not considering running the firearm sentencing enhancements concurrently, the sentencing court abused its discretion by refusing to conduct a same criminal conduct evaluation, and the sentencing court erred by sentencing Conner on 13 firearm sentencing enhancements instead of 12 as stated in our opinion on Conner's first direct appeal. But because Conner's PRP is not timely, we dismiss his petition.

No. 52172-5-II

FACTS

During the fall of 2010, 21-year-old Conner participated in a series of home invasion robberies and burglaries in Kitsap County while armed with a firearm. As a result, the State charged Conner with the following 26 charges: one count of conspiracy to commit first degree burglary, two counts of second degree unlawful possession of a firearm, two counts of possessing a stolen firearm, one count of possession of marijuana, eight counts of first degree robbery, five counts of first degree burglary, three counts of second degree theft, one count of third degree theft, one count of theft of a firearm, one count of second degree theft of an access device, and one count of third degree possession of stolen property. All burglary and robbery charges included a special allegation that Conner or an accomplice was armed with a firearm under RCW 9.94A.602.

The State offered Conner a plea bargain that would have resulted in 150 months incarceration, but Conner maintained his innocence and chose to proceed to trial.

The jury acquitted Conner of the possession of marijuana and third degree possession of stolen property charges and found that he was not armed with a firearm on one count of first degree burglary, but convicted Conner of all other charges and special allegations. The trial court imposed a standard range sentence of 1148.5 months.

Conner appealed, and we vacated his third degree theft conviction on double jeopardy grounds and reversed a firearm sentencing enhancement to one of Conner's first degree burglary convictions. Accordingly, we remanded to the superior court for resentencing. Curiously, we remanded for resentencing on "the remaining convictions and *twelve* firearm enhancements," although *thirteen* firearm sentencing enhancements remained.

2

Prior to the resentencing hearing, Conner filed a handwritten CrR 7.8 motion arguing that he received ineffective assistance of counsel because his trial counsel failed to convey the State's plea offer and failed to advise Conner regarding the applicable standard ranges and firearm enhancements. Because Conner failed to properly note the CrR 7.8 motion, the sentencing court declined to hear it.

The sentencing court imposed a mid-range standard sentence identical to Conner's original sentence, including 780 months for thirteen firearm sentencing enhancements.

Conner filed a second notice of appeal following his resentencing hearing. On appeal, Conner argued only whether the sentencing court erred by declining to hear his CrR 7.8 motion. Division Three[1] of this court issued its opinion inviting Connor to properly note the CrR 7.8 motion before the trial court.[2] The appellate court issued the mandate on Conner's second appeal on July 12, 2017.

Conner filed this PRP on July 17, 2018.

ANALYSIS

I. TIMELINESS

The State argues that Conner's PRP is time barred and should be dismissed. We agree.

---

[1] This court transferred Conner's second appeal to Division Three.

[2] Connor eventually properly noted the CrR 7.8 motion before the trial court, but the trial court determined that Conner failed to make a substantial showing that he was entitled to relief and transferred the motion to this court as a PRP. This court subsequently denied Connor's PRP as frivolous.

A.      *Legal Principles*

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A judgment becomes final under this statute on the latest date out of (1) the date the judgment is filed with the clerk of court, (2) the date an appellate court issues its mandate on direct review, or (3) the date the United States Supreme Court denies certiorari. RCW 10.73.090(3). When a case on direct appeal is remanded for resentencing, the time limit generally does not begin to run until after the finality (including any direct appeal) of the amended judgment and sentence. *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 952, 162 P.3d 413 (2007).

The one-year time bar does not apply if the petition is based solely on one or more of the statutory exceptions to the time limit listed in RCW 10.73.100. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 348, 5 P.3d 1240 (2000). These exceptions include (1) newly discovered evidence uncovered with reasonable diligence, (2) facial or as applied unconstitutionality of the statute under which the petitioner was convicted, (3) double jeopardy, (4) insufficient evidence to support the conviction (if the petitioner pleaded not guilty), (5) a sentence in excess of the trial court's jurisdiction, and (6) a significant and material change in the law that applies retroactively. RCW 10.73.100.

When an untimely petition is "mixed"—that is, it raises both untimely claims and claims that are exempt from the time limit under RCW 10.73.100—it must be dismissed. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014). In such instances, we will not

analyze all of the claims to determine which are timely and which are not, nor will we decide

claims that are not time barred. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 703, 72

P.3d 703 (2003).

B.      *One-Year Time Bar*

Conner argues that the judgment did not become final until July 17, 2017, relying on a

copy of the superior court docket as support. We disagree.

The controlling date for purposes of RCW 10.73.090(3)(b) is the date an appellate court

issues its mandate on direct review, not the date the superior court records that mandate.[3]

Conner's judgment and sentence became final on July 12, 2017, the date Division Three of this

court issued its mandate in his second direct appeal. Conner did not file his petition until July

17, 2018. Thus, Conner's petition is untimely unless he demonstrates one of the six statutory

exceptions to the one-year requirement in RCW 10.73.100.[4]

C.      *Mixed Petition*

Based on the incorrect premise that the one-year time limit for PRP arguments related to

his *convictions* began to run when the mandate issued in his first direct appeal (affirming his

convictions but remanding for resentencing), Conner argues that his ineffective assistance of

---

[3] Conner suggests that this court's mandate was possibly issued twice—once when this court filed the mandate and again when the superior court recorded it. A mandate is "written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review." RAP 12.5(a). Only the appellate court can issue a mandate in a direct appeal. *See* RAP 12.5.

[4] This case presents an example of the dangers of counsel waiting until the perceived last moment to file a PRP.

counsel argument falls under the newly discovered evidence exception of RCW 10.73.100(1).

Conner next argues that his other claims, which relate to his resentencing, need not fall under any

exception to the one-year requirement because they are timely.[5]

Even assuming without deciding that Conner's ineffective assistance of counsel claim

falls within the newly discovered evidence exception to the one-year time bar, we nonetheless

dismiss his petition because it is "mixed." And when an untimely petition is "mixed" it must be

dismissed. *Thomas*, 180 Wn.2d at 953.

Because Conner's petition is untimely and, at best, a mixed petition, we dismiss his

petition.[6]

---

[5] As discussed above, Conner's petition is untimely because he filed it five days after his judgment and sentence became final when Division Three of this court issued its mandate in his second direct appeal. Conner is also incorrect that the one-year time limit for his claims stemming from his convictions is different from the one-year time limit for claims stemming from his resentencing. When a case on direct appeal is remanded for resentencing, the time limit generally does not begin to run until after the finality (including any direct appeal) of the amended judgment and sentence. *Skylstad*, 160 Wn.2d at 952. Here, Conner's judgment and sentence was not final, and the time bar for a collateral attack did not begin running until Division Three of this court issued its mandate in his second direct appeal on July 12, 2017.

[6] Even if Conner's claims were considered, our review of the record discloses nothing warranting relief. *See In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 449 n. 5, 309 P.3d 459 (2013). Connor's contention that his trial counsel was ineffective for failing to advise him to accept the plea offer is refuted by counsel's declaration; there is no evidence that the trial court improperly refused to exercise its discretion at sentencing; the antimerger statute expressly allows for Conner to be punished separately for his burglary and theft convictions; and the sentencing court correctly sentenced Conner to 13, and not 12, firearm enhancements.

No. 52172-5-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

                                                Worswick, J.

We concur:

Lee, A.C.J.

Cruser, J.

7