# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| In the Matter of the Personal Restraint of: | No.  53400-2-II |
|---|---|
| JASON ROBERT STOMPS, | UNPUBLISHED OPINION |
| Petitioner. | |

LEE, C.J. — In this personal restraint petition (PRP), Jason R. Stomps seeks relief from restraint resulting from his convictions for first degree burglary and three counts of second degree kidnapping; each conviction included a firearm sentencing enhancement.[1]  Stomps' grounds for relief include ineffective assistance of counsel, sufficiency of the evidence, and freestanding actual innocence.  Recognizing he has filed his PRP more than one year after his judgment became final,[2] Stomps argues that his PRP is not time barred because he has a gateway actual innocence claim, his claims are based on newly discovered evidence, and there has been a significant change in the law.  We hold that Stomps' PRP is a mixed petition and must be dismissed.

---

[1]  Stomps was also found guilty of three counts of second degree assault.  At sentencing, the trial court found that the assault charges merged with the kidnapping charges and vacated the verdicts on the three counts of second degree assault.

[2]  RCW 10.73.090(1).

FACTS

The facts underlying Stomps' convictions are documented in Stomps' direct appeal[3] and are undisputed here. We summarized the facts underlying Stomps' convictions in his direct appeal:

> Stomps worked as a bail bond recovery agent. One evening, Stomps went to the home of Annette and Bill Waleske looking for Courtney Barnes. Barnes was free on bail, and his girlfriend, Sinan Hang, guaranteed the bail bond. Hang listed the Waleskes' address as her address. Hang was friends with Annette and had used the Waleskes' address in the past, but she did not have permission to use it on the bail bond application. Barnes listed a separate address. When Barnes failed to appear for a court hearing, the bail bond company contracted with Stomps to locate him.

> When Stomps arrived at the Waleskes' residence, Annette and Bill were out, but their daughter, Tayler Waleske; son, Quincey Waleske; and daughter's boyfriend, Nathan Panosh, were at the home. Tayler and Nathan were watching a movie when they heard pounding on the door. They walked towards the door and heard Stomps yell, "I'm looking for Courtney Barnes. Open up your door, or I'll kick your f[*****]g door down." Report of Proceedings (RP) at 114. Tayler did not know anyone by the name of Courtney Barnes. Tayler was frightened by Stomps, and yelled out, "We don't know Courtney. You need to leave." RP at 115. The pounding and yelling continued. Tayler and Nathan went upstairs to get Quincey. Tayler then called 911.

> While Tayler was on the phone with the 911 operator, Stomps broke down the front door with a railroad tie driver, which is similar to a sledgehammer. Once inside, he ordered everyone downstairs. Even though he recognized that the three individuals were not the fugitive he was looking for and that Barnes was not in the house, Stomps pointed his gun at them and ordered Quincey, who had just gotten out of the shower and had only a towel wrapped around him, to handcuff himself to Nathan and then ordered all three to get on the floor. Stomps then identified himself as a bail bond recovery agent. The parties dispute whether this was the first time Stomp[s] identified himself. Nathan then repeatedly asked for the key to unlock the handcuffs, but Stomps refused.

> Police arrived at the residence and detained Stomps. The State ultimately charged Stomps with first degree burglary, three counts of first degree kidnapping,

---

[3] *State v. Stomps*, No. 47546-4-II (Wash. Ct. App. July 19, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2047546-4-II%20Unpublished%20Opinion.pdf.

No. 53400-2-II

and three counts of second degree assault; each charge included a special allegation that he was armed with a firearm.

*Stomps*, No. 47546-4-II, slip. op. at 1-2. Stomps testified in his own defense at trial.

A jury found Stomps guilty as charged. *Id*. at 3. Stomps appealed, arguing that evidence was insufficient to support the jury's verdict. *Id*. We affirmed Stomps' convictions. *Id at 7*. The mandate terminating review was issued on February 13, 2017.[4]

Stomps filed this PRP on April 22, 2019.

ANALYSIS

Stomps argues several grounds for relief in his PRP: (1) ineffective assistance of counsel based on trial counsel's failure to request jury instructions on unplanned entry; (2) ineffective assistance of counsel based on trial counsel's failure to call Stomps' former partner, David Smith, as a witness; (3) sufficiency of the evidence; and (4) freestanding actual innocence. Specifically, Stomps contends that his PRP is not time barred because he has met his burden to establish a gateway actual innocence claim, allowing this court to address his ineffective assistance of counsel claims. He also contends that his claim that his trial counsel was ineffective for failing to call Smith as a witness is not time barred because of newly discovered evidence, an enumerated exception to the time bar. Stomps further contends that his PRP is not time barred because insufficient evidence supports his conviction and there was a significant change in the law material to his conviction, which are also enumerated exceptions to the time bar. Finally, Stomps contends that he has a freestanding actual innocence claim.

---

[4] *Mandate*, No. 47546-4-II (February 13, 2017).

3

Because Stomps cannot meet his burden to establish a gateway actual innocence claim to allow him to argue ineffective assistance of counsel based on trial counsel's failure to request jury instructions on unplanned entry, at least one of his ineffective assistance claims is time barred. Therefore, Stomps' petition is an improper mixed petition and must be dismissed.

A. LEGAL PRINCIPLES

"Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). To be entitled to relief in a PRP, the petitioner must show either (1) a constitutional error resulting in actual and substantial prejudice, or (2) "a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). When reviewing a PRP, we may (1) deny the petition, (2) grant the petition, or (3) transfer the petition to the superior court for a reference hearing. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013); *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015).

Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."[5] RCW 10.73.100 provides six exceptions to the one year time bar on collateral attacks:

---

[5] We note that, in a statement of additional authorities, Stomps submitted Governor's Proclamation 20-47 for consideration on the issue of whether his petition is time barred, implying

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction;

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

If a petition is mixed, in that it raises both untimely claims and claims that are exempt from the time bar under RCW 10.73.100, then the entire petition must be dismissed. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 952-53, 330 P.3d 158 (2014). We need only determine whether one claim is time barred in order to dismiss the petition as mixed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702-03, 72 P.3d 703 (2003). "Under such circumstances the court will not analyze every claim that is raised in order to determine or advise which claims are time

---

the Governor's proclamation tolls the time bar in RCW 10.73.090. However, the proclamation only preserves existing rights, it does not revive already expired claims. *In re Matter of Blanks*, ___ Wn. App. 2d ____, 471 P.3d 272 (Sept. 1, 2020), *In re Pers. Restraint of Millspaugh*, 14 Wn. App. 2d 137, 469 P.3d 336 (2020). Here, the time bar expired on February 13, 2018, one year after the mandate was issued in Stomps' case and well before the Governor's proclamation was issued on April 14, 2020. Therefore, the Governor's' proclamation has no application to Stomps' petition.

barred and which are not, nor will it decide claims under RCW 10.73.100 that are not time barred."

*Id*. at 703.[6]

B.    GATEWAY ACTUAL INNOCENCE

Stomps' ineffective assistance claim based on trial counsel's failure to request jury instructions on unplanned entry does not implicate any of the exceptions to the time bar enumerated in RCW 10.73.100.[7]    However, establishing a gateway actual innocence claim would permit this court to consider grounds for relief in a petition that would otherwise be time barred under RCW 10.73.090.   Thus, Stomps' ineffective assistance of counsel claim based on the failure to request jury instructions is time barred unless Stomps meets his burden to establish a gateway

---

[6]  Our Supreme Court has explained this rule exists, in part, "because by definition any claim that is not time barred may be refiled without danger of untimeliness." *Hankerson*, 149 Wn.2d at 702.

[7]  We recognize that the avoidance principle, articulated in *In re Personal Restraint of Carter*, requires this court to consider claimed statutory exceptions to the time bar before applying the actual innocence doctrine.   172 Wn.2d 917, 932-33, 263 P.3d 1241 (2011).   However, Stomps' ineffective assistance of counsel claim based on the failure to request jury instructions on unplanned entry does not implicate any statutory exception to the time bar.   To the extent Stomps attempts to argue that this claim is based on newly discovered evidence and, therefore, falls under RCW 10.73.100(1), this argument must fail.

To prevail on a claim of newly discovered evidence, a petitioner must show that the evidence "'(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; *and* (5) is not merely cumulative or impeaching.'" *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 319-20, 868 P.2d 835 (1994) (quoting *State v. Williams*, 96 Wn.2d 215, 223, 634 P.2d 868 (1981)). Here, even if certain "newly discovered" evidence could revive an otherwise time barred ineffective of counsel claim, Stomps has not identified what newly discovered evidence supports his claim that counsel was ineffective for failing to request a jury instruction on unplanned entry. Instead, Stomps' claim is based on what did or did not occur during trial, facts that cannot be considered "newly discovered."   Therefore, there is no basis for applying the newly discovered evidence exception to the time bar to Stomps' ineffective assistance of counsel claim based on the failure to request jury instructions on unplanned entry.

actual innocence claim. We hold that Stomps does not meet his burden to establish a gateway actual innocence claim, and therefore, his ineffective assistance claim based on the failure to request jury instructions is time barred.

Our Supreme Court has recognized that a petitioner may raise two types of actual innocence claims. *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 256, 284 P.3d 734 (2012). First, freestanding actual innocence claims are "constitutional claims of actual innocence in which innocence itself provides a basis for relief." *Id*. Second, gateway actual innocence claims are "used to avoid procedural time bars so that a court may review other claimed constitutional errors." *Id*.

The "probability standard" applies when considering a gateway actual innocence claim. *Id.* at 259. "Under the probability standard, after evaluating the new reliable evidence in light of the evidence presented to the jury, a court must be persuaded that 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 260 (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Furthermore,

> To be credible, a gateway actual innocence claim requires the petitioner to support his allegations with new, reliable evidence. This may include exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. New evidence in this context does not mean "newly discovered" but rather "newly presented" evidence.

*Id.* at 258-59.

First, we must determine what "new, reliable" evidence Stomps has presented to support his gateway actual evidence claim. *Id.* at 258. Stomps has presented two specific pieces of "new"

evidence to support his claim: (1) David Smith's statement to the police following the incident and (2) the expert declaration of Brian Johnson.

When the petitioner's allegations are based on matters outside of the existing record, the petitioner must show that competent, admissible evidence supports the allegations. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the evidence is based on knowledge that is in the possession of others, the petitioner must present affidavits of those witnesses or other corroborative evidence. *Id*. Factual allegations must be based on more than speculation, conjecture, or inadmissible hearsay. *Id*.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless an exception or exclusion applies. ER 802.

Smith's statement is not a sworn declaration or affidavit. Stomps provides only the transcript from Smith's recorded interview with the police. These unsworn, out-of-court statements are inadmissible hearsay. *See* ER 802. Therefore, Smith's statement to the police is not competent, admissible evidence that can be used to support Stomps' claims in his PRP. *Rice*, 118 Wn.2d at 886.

In contrast, Johnson's declaration is properly sworn and presents Johnson's conclusions based on his training and experience. Therefore, Johnson's declaration is the only "new, reliable" evidence Stomps has presented in support of his gateway actual innocence claim. *Weber*, 175 Wn.2d at 258.

Johnson declared that he is "widely considered to be a 'recognized authority' in the field of Bail, Bondsmen and Bail Recovery Agents." Ex. 7 at 1. Johnson has extensive academic

experience studying criminal justice and the bail industry. Johnson reviewed Stomps' case and, based on his training and experience, offered his opinions on Stomps' actions. Johnson opined that Stomps exercised "ordinary care and prudence in establishing reasonable suspicion that Barnes was present in the home." Ex. 7 at 6. Johnson also opined that Stomps' entry into the home was unplanned. Finally, Johnson opined that Stomps' use of force and restraint of the three teenagers in the home was appropriate in the circumstances.

The question before us is whether "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'" when Johnson's opinions are considered in light of the evidence presented at trial. *Weber*, 175 Wn.2d at 260 (quoting *Schlup*, 513 U.S. at 327). We hold that Johnson's opinions are insufficient to establish Stomps' gateway actual innocence claim.

Here, Stomps does not dispute the underlying facts supporting his conviction. Stomps only argues that his actions were reasonable under the circumstances and, therefore, he should not be subject to criminal liability. However, Johnson's declaration is not proof that Stomps is innocent of the charges. It is nothing more than Johnson's expert opinion that Stomps acted reasonably under the circumstances. Juries are not bound by an expert's opinion and are instructed that they are responsible for determining the weight and credibility of the evidence. *State v. Kirkman*, 159 Wn.2d 918, 928, 155 P.3d 125 (2007). Given that Stomps does not dispute he forcibly entered the residence without conclusively identifying Barnes, brandished a firearm, and held the three teenage occupants at gunpoint, a reasonable juror could have rejected Johnson's opinion and found

Stomps guilty of the charges against him. Therefore, Stomps has failed to meet his burden to establish a gateway actual innocence claim.[8]

Because Stomps has failed to meet his burden to establish a gateway actual innocence claim, any grounds for relief that do not fall within the exception to the time bar enumerated in RCW 10.73.100 are time barred. Here, Stomps' ineffective assistance of counsel claim based on the failure to request jury instructions on unplanned entry does not implicate any of the enumerated exceptions to the time bar. Accordingly, this claim is time barred.

C.    MIXED PETITION

As discussed above, Stomps fails to meet his burden of establishing a gateway actual innocence claim to allow us to address his ineffective assistance of counsel claim based on the failure to request jury instructions on unplanned entry. Therefore, his ineffective assistance of counsel claim is time barred. Because at least one of the grounds that Stomps raises in his PRP is time barred, Stomps' petition is mixed. Accordingly, we dismiss Stomps' PRP.

---

[8]  Although, as discussed below, Stomps' failure to meet his burden to establish a gateway actual innocence claim makes this petition a mixed petition that must be dismissed without addressing any of the remaining claims, it is worth noting that Stomps' freestanding actual innocence claim also must necessarily fail. The burden to establish a freestanding actual innocence claim is higher than the burden to establish a gateway actual innocence claim. *Weber*, 175 Wn.2d at 262-63. Therefore, the failure to succeed at establishing a gateway actual innocence claim means a petitioner necessarily fails at making the required showing on a freestanding actual innocence claim. *Id.*

No. 53400-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

, C.J.
Lee, C.J.

We concur:

Maxa, J.

Glasgow, J.