# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>DARRELL KANTREAL JACKSON,<br><br>                Petitioner, | No.  53337-5-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Darrell Jackson brings this untimely personal restraint petition (PRP) arguing that there was insufficient evidence to support his convictions and that he is entitled to resentencing because of the changes in the law surrounding the sentencing of youthful offenders.  We determine that because Jackson's youthful offender sentencing argument is time-barred, his petition is mixed. Accordingly, we dismiss the petition in its entirety.

## FACTS

Jackson was convicted of two counts of aggravated first degree murder and two counts of felony murder for events that occurred in 2007 when he was 21 years old.[1]  Jackson appealed, and in 2011, we affirmed his convictions.  A mandate was issued in June 2013.

Jackson then brought a timely PRP which was granted in part, and we remanded for the sentencing court to vacate his felony murder convictions to comply with the prohibition against

---

[1] Unless otherwise noted, the facts in this opinion are from our decision in Jackson's previous appeal and PRP.  *State v. Jackson*, No. 49801-4-II, (Wash. Ct. App. Feb. 21, 2018), D2 49801-4-II Unpublished Opinion.pdf (wa.gov); *In re Pers. Restraint of Jackson*, No. 46411-0-II (Wash. Ct. App. March 8, 2016), D2 46411-0-II Unpublished Opinion.pdf (wa.gov).

double jeopardy.[2] Jackson was resentenced in 2016 to life without parole. We then affirmed his sentence.

Jackson filed this second, untimely, PRP in February 2019.

ANALYSIS

Jackson raises two arguments in his petition. First, he argues that there was insufficient evidence of premeditation to support his convictions for aggravated first degree murder. Second, he argues that, as a youthful offender, the sentencing court improperly failed to consider the mitigating factors of youth. Because Jackson's youthful offender argument is time-barred, we dismiss his petition as mixed.

A. LEGAL PRINCIPLES

Unless an exception applies, petitioners have one year after their judgment and sentence becomes final to file a PRP. RCW 10.73.090(1). Since Jackson's judgment and sentence became final when the appeal mandate was issued in 2013, this PRP is untimely unless he can show that an exception applies.

A "mixed petition" occurs where a petition raises both untimely claims and claims that are exempt from the time bar. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 952-53, 330 P.3d 158 (2014). We do not address the claims in mixed petitions; rather, the petition in its entirety is dismissed. *Id.* at 953.

---

[2] Jackson also brought a second PRP in 2016, but he voluntarily withdrew his petition "[i]n the interests of judicial economy, and through the advice of recent counsel" in 2017. Motion to Withdraw PRP, *In re the Pers. Restraint* of Jackson, No. 49313-6-II, (Wash. Ct. App. June 14, 2017).

One exception to the time bar applies where a defendant pled not guilty and alleges that the State presented insufficient evidence to support the conviction. RCW 10.73.100(4). Another exception to the time bar occurs where a petitioner demonstrates that there has been a significant change in the law that is retroactively applicable and material to their conviction or sentence. RCW 10.73.100(6); *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016).

## B. JACKSON'S PETITION IS MIXED

Jackson makes two arguments in his petition: (1) that there was insufficient evidence to support his convictions, and (2) that the sentencing court failed to adequately consider the mitigating factors of youth. If either one of these arguments is time-barred, then Jackson's petition would be mixed and, therefore, dismissed. Since Jackson's first argument regarding the sufficiency of the evidence appears to meet an exception to the time bar, the issue here is whether his second argument, regarding youthful offender sentencing, also meets an exception to the time bar.

In support of his youthful offender argument, Jackson argues that the "significant change in the law" exception to the time bar applies because recent decisions around juvenile sentencing have resulted in a significant change in the law that is material to his sentence. We disagree.

Jackson was 21 years old at the time of his offenses, but the bulk of the recent cases he cites involving sentencing youthful offenders relate to individuals under this age.[3] Therefore,

---

[3] Jackson cites to numerous cases that address the law around sentencing youthful offenders, but most pertain to offenders under the age of 18. *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018) (16 year old defendant); *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017) (17 and 16 year old defendants); *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (14 year old defendant); *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)

Jackson heavily relies on *State v. O'Dell*, where the court determined that "age may well mitigate a defendant's culpability, even if that defendant is over the age of 18." 183 Wn.2d 680, 695, 358 P.3d 359 (2015). The *O'Dell* court's holding that a defendant's youthfulness may be a mitigating factor that would justify a sentence below the standard range set by the Sentencing Reform Act of 1981 (SRA)[4] was not limited to child defendants because O'Dell was over 18 at the time of his offense. *O'Dell*, 183 Wn.2d at 696.

However, subsequently, our Supreme Court clarified that *O'Dell* is not a significant change in the law for purpose of avoiding the time bar under RCW 10.73.100(6). *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 337-38, 422 P.3d 444 (2018) (court rejects the retroactivity of *O'Dell* stating that "[w]hile *O'Dell* broadened our understanding of youth as it relates to culpability, it did not alter the court's interpretation of [provisions of the SRA that permit sentencing courts to depart from guidelines]" and the sentencing court's already-existing ability to consider youth as a mitigating factor of sentencing). Although Jackson argues that the *Light-Roth* decision was incorrectly decided, we are bound by stare decisis to follow its holding. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) (stare decisis requires appellate courts to follow Supreme Court decisions). Therefore, *O'Dell* does not represent a significant change in the law that would permit Jackson to avoid the time bar under RCW 10.73.100(6).

In his supplemental brief, Jackson relies on the recently decided case of *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), and argues that it also entitles him

---

(17 year old defendant); *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (16 year old defendant).

[4] Ch. 9.94A RCW.

to be resentenced. However, even if *Monschke* represents a significant change in the law for the purposes of RCW 10.73.100(6), the case is not material to Jackson's sentencing.

In *Monschke*, our Supreme Court extended constitutional protections against life without parole sentences to defendants older than 18 years old. 197 Wn.2d at 325-26.[5] But *Monschke* explicitly limited its holding to defendants between the ages of 18 and 20. 197 Wn.2d at 329. And subsequent court decisions have declined to extend the protections of *Monschke* to individuals older than 20 years old. *See, e.g., State v. Wright*, 19 Wn. App. 2d 37, 47, 493 P.3d 1220 (2021); *State v. Langley*, No. 82142-3-I, slip op. at *2 (Wash. Ct. App. Nov. 8, 2021), https://www.courts.wa.gov/opinions/pdf/821423.pdf. Because Jackson was 21 years old when he committed these offenses, *Monschke* does not apply to him and, accordingly, is not material to his sentence. Therefore, Jackson's reliance on *Monschke* to avoid the time bar fails.

## CONCLUSION

Because Jackson was 21 when he committed his offenses, he fails to cite to any authority supporting his position that there has been a significant change to the law material to his case sufficient to overcome the time bar with regard to this youthful offender sentencing argument. Without an exception to the time bar for one of his two arguments, Jackson's petition is mixed and, accordingly, we dismiss it in its entirety.

---

[5] Unlike *O'Dell, Light-Roth,* and *Monschke*, Jackson offers no authority that the cases he cites involving offenders under the age of 18 have relevance to this case. Accordingly, we do not further address them.

No. 53337-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

WORSWICK, J.

LEE, J.