# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 56564-1-II |
| DANNY ALLEN WING, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, P.J. — Danny A. Wing filed three separate CrR 7.8 motions, dated February 5, 2020, October 4, 2021, and October 22, 2021[1] in Cowlitz County Superior Court. The trial court determined the motions were untimely and transferred them to this court as a single personal restraint petition (PRP). In the February 5, 2020 motion, Wing argues that he is entitled to withdraw his Cowlitz County guilty pleas in order to correct his criminal history in a separate Lewis County judgment and sentence. In his October 2021 motions, Wing argues that this court should either vacate his Cowlitz County convictions for possession of a controlled substance and third degree assault or allow him to withdraw his guilty pleas to both counts.

We hold that all three of Wing's CrR 7.8 motions are time barred. Accordingly, we deny Wing's PRP.

---

[1] The two October 2021 motions are nearly identical; there are minor changes and the addition of one sentence and citation regarding withdrawal of pleas in indivisible plea agreements. In the October 22 motion, Wing added the following: "When a defendant can show that withdrawal of a plea is warranted with respect to one count or charge in an indivisible plea agreement, the defendant may move to withdraw the entire plea. [*State v.* ]*Turley*, 149 Wn.2d [395,] 400[, 69 P.3d 338 (2003)]." Clerk's Papers (CP) at 36. Therefore, we address the two October 2021 motions together.

No. 56564-1-II

FACTS

A. BACKGROUND

On September 19, 2014, Wing and a police officer were involved in a physical altercation. When additional police officers arrived at the scene, the officers found heroin in Wing's pants pocket. On September 24, the State charged Wing in Cowlitz County Superior Court with third degree assault of a law enforcement officer and unlawful possession of a controlled substance.

On November 7, in an unrelated incident, Wing was charged in Lewis County Superior Court with homicide by abuse and, in the alternative, first degree manslaughter. *State v. Wing*, No. 48143-0-II, slip op. at 2 (Wash. Ct. App. Feb. 28, 2017) (unpublished), *review denied*, 189 Wn.2d 1003 (2017).[2]

B. LEWIS AND COWLITZ COUNTY GUILTY PLEAS

On March 19, 2015, Wing entered into an agreement with the State in the Lewis County case and pleaded guilty to first degree manslaughter–domestic violence and third degree assault on a child—domestic violence. *Wing*, slip op. at 1. According to declarations filed by Wing, the agreement ensured that any trial in the Cowlitz County case would not occur until after Wing's Lewis County guilty plea so that the Cowlitz County convictions would not be included in Wing's Lewis County offender score. The plea agreement did not specifically mention Wing's pending charges in Cowlitz County but stated that the Lewis County Prosecuting Attorney's Office "agrees to retain its custody hold on Danny A. Wing so that he is sentenced on this matter prior to any currently pending or subsequently filed felony charge(s)." Reply Br. of Pet'r Appx. A (Proffer

---

[2] https://www.courts.wa.gov/opinions/pdf/D2%2048143-0-II%20Unpublished%20Opinion.pdf.

2

No. 56564-1-II

Agreement) at 3. Lewis County Superior Court accepted Wing's guilty plea and sentenced Wing to an exceptional sentence of 416 months based on an offender score of six. *Wing*, slip op. at 3, 7. As discussed below, Wing appealed his Lewis County judgment and sentence.

On November 10, 2015, Wing pleaded guilty in the Cowlitz County case to third degree assault and possession of a controlled substance. Cowlitz County Superior Court sentenced Wing to 43 months of total confinement based on an offender score of eight, which included points for the Lewis County convictions. Wing's offender score for his third degree assault conviction included a point for his current offense of unlawful possession of a controlled substance. Wing asserts that the Cowlitz County Superior Court was aware that Wing was appealing his Lewis County sentence (discussed below) and "'that if anything changes in [L]ewis [C]ounty [Wing] was to notify the court and may be allowed to withdraw [his] plea.'" Pet. (Wing declaration) at 93.[3] Because Wing did not timely appeal, the Cowlitz County judgment and sentence became final on November 10, 2015.

C.    LEWIS COUNTY PROCEDURAL HISTORY

As noted above, Wing appealed his Lewis County judgment and sentence, arguing in relevant part that his guilty plea was premised on an incorrect offender score. *Wing*, slip op. at 1. We agreed and remanded to allow Wing to withdraw his guilty plea in the Lewis County case. *Wing*, slip op. at 10.

On July 26, 2019, Lewis County Superior Court resentenced Wing with a new offender score. However, Wing's Lewis County criminal history now included his Cowlitz County third

---

[3] We note that the petition is not paginated consecutively. For purposes of our opinion, we number the petition's pages 1-121 starting from the first page of the petition.

3

degree assault and unlawful possession of a controlled substance convictions, resulting in an offender score of seven. Wing objected to the inclusion of his Cowlitz County convictions in his offender score. The Lewis County Superior Court rejected Wing's objection and sentenced Wing to 420 months of total confinement to run concurrently with Wing's Cowlitz County sentence.

D.    CrR 7.8 MOTIONS IN COWLITZ COUNTY

On February 5, 2020, Wing moved to temporarily withdraw his Cowlitz County pleas in Cowlitz County Superior Court, arguing that he was entitled to withdraw his pleas so that his Cowlitz County convictions should not count in his offender score calculation for his Lewis County convictions. Wing sought to withdraw his Cowlitz County pleas, be resentenced in Lewis County, then re-plead guilty in Cowlitz County.

On October 4, 2021, Wing moved to vacate his Cowlitz County judgment and sentence or withdraw his Cowlitz County guilty pleas.

On October 22, Wing filed an additional motion to vacate his judgment and sentence or withdraw his Cowlitz County guilty pleas.[4] Wing argued that because our Supreme Court held in *State v. Blake*[5] that the statute criminalizing simple possession of a controlled substance was unconstitutional, he was entitled to withdraw his guilty pleas to unlawful possession of a controlled substance and third degree assault and/or have his judgment and sentence vacated.

---

[4] Wing's October 22, 2021 motion appears to be an amended version of his October 4, 2021 motion as discussed in footnote 1.

[5] 197 Wn.2d 170, 481 P.3d 521 (2021).

E. PROCEDURAL HISTORY AT THE APPELLATE COURTS

Cowlitz County Superior Court transferred Wing's February 2020 motion and both October 2021 motions to this court after determining that the motions were time barred. The superior court transferred the three motions together as a single PRP.[6]

Wing filed a motion in this court, arguing that this court did not have jurisdiction and requesting transfer of the matter back to Cowlitz County Superior Court. We responded with a letter stating that any objection to the transfer would be considered upon this court's review of the PRP.

Wing sought discretionary review at our Supreme Court. The Supreme Court Commissioner denied Wing's motion for discretionary review, ruling that Wing's October 2021 motions were time barred.[7] Specifically, the Supreme Court Commissioner found that Wing's

> judgment and sentence for simple possession of a controlled substance is facially invalid in light of *Blake*. But what makes [Wing's] collateral challenge untimely is the relief he seeks. He does not seek only to vacate the possession conviction and be resentenced on the assault. Rather, he seeks to void the judgment and sentence altogether and withdraw his guilty plea in its entirety. In essence, he is challenging the validity of his entire guilty plea for its inclusion of an invalid conviction, claiming he is entitled to withdrawal. But the validity of a plea is a distinct issue from the validity of the judgment and sentence. Though a judgment and sentence may contain facial error that may be corrected beyond the one-year time limit, a challenge to the validity of the underlying plea on the basis of that error is not exempt from the time limit. The superior court therefore properly found

---

[6] We note that best practices include transferring separate CrR 7.8 motions on different issues as separate PRPs to avoid inadvertently creating mixed petitions. A petition is mixed when it raises claims that are exempt from the one-year time limit along with untimely claims. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014). Mixed petitions must be dismissed as untimely. *Id.*

[7] The Supreme Court Commissioner's ruling denying review does not address Wing's February 2020 motion.

the motion to vacate untimely and transferred it to the Court of Appeals for treatment as a personal restraint petition.

Ruling Den. Review, *In re Pers. Restraint of Wing*, No. 100955-1, at 2-3 (Wash. Sept. 26, 2022) (citations omitted).  The Supreme Court Commissioner also noted that Wing remained free to seek vacation of his unlawful possession of a controlled substance conviction and resentencing on his third degree assault conviction.  Wing sought to modify the Supreme Court Commissioner's ruling, and a five-justice panel denied the motion to modify.

Based on the Supreme Court's determination that Wing's motions to vacate are untimely and properly transferred to this court to be reviewed as a PRP, we now turn to the merits of Wing's motions.[8]

---

[8]  We note that both of Wing's October 2021 motions contain an identical footnote stating:

> Mr. Wing also filed a *pro se* motion to withdraw guilty plea based on other grounds. Said motion has not been heard by this court.  The defense hereby incorporates that motion by reference and includes it in the defense's motion for relief.

CP at 1, 33.

This court's record does not include the "pro se motion" referenced in and incorporated into Wing's October 2021 motions.  Because the pro se motion was not included in our record, we ordered the Cowlitz County Superior Court and Clerk to provide the pro se motion.  Cowlitz County responded with a document that was already in this court's record and was not a pro se motion.  Thereafter, we ordered Wing's counsel who included the footnote in its October 2021 briefs to produce the pro se motion incorporated by reference into its October 2021 motions.  Wing's counsel provided a different document which was already in this court's record and was not a pro se motion.

Because we have provided ample opportunity for the referenced pro se motion to be provided, this opinion addresses the issues on the current record.

ANALYSIS

A.   LEGAL PRINCIPLES

A PRP is a form of collateral attack for postconviction relief.  RCW 10.73.090(2).  Under RCW 10.73.090(1), a collateral attack must be filed within one year after a judgment becomes final.  When challenging a judgment and sentence after one year has passed, the petitioner has the burden to establish that the one-year time bar does not apply.  *In re Pers. Restraint of Fuamaila*, 131 Wn. App. 908, 918, 131 P.3d 318 (2006).

The one-year time bar for collateral attacks is not applicable when the judgment and sentence is facially invalid.  RCW 10.73.090(1).  Additionally, there are six statutory exceptions to the one-year time bar.  RCW 10.73.100.  One exception is when the statute that the petitioner was convicted of violating was held to be unconstitutional.  RCW 10.73.100(2).  Another exception is when there has been a significant retroactive change in law that is material to the conviction.  RCW 10.73.100(6).

When challenging a judgment and sentence more than a year after its finality, the petitioner "may seek relief *only* for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)."  *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013) (emphasis added).  Raising a claim that meets one of the time bar exceptions does not open the door to other time-barred claims.  *Id.* at 424-25.

B.    WING'S MOTIONS ARE TIME BARRED

      1.    February 2020 Motion to Withdraw Pleas[9]

In his February 2020 motion, Wing argues he is entitled to withdraw his guilty pleas to his Cowlitz County convictions to correct a manifest injustice. We hold that Wing's February 2020 motion is time barred.

Wing asserts that the parties in the Cowlitz County case "agreed to defer sentencing until after the Lewis County homicide case was resolved so that the conviction in [the Cowlitz County] case would not count as history in the Lewis County case." Mot. to Withdraw Plea (Feb. 5, 2020) at 2. Wing argues that the inclusion of the Cowlitz County convictions in his offender score upon being resentenced in his remanded Lewis County matter following his appeal now entitles him to withdraw his Cowlitz County guilty pleas.

Here, Wing's Cowlitz County judgment became final on November 10, 2015, the date the judgment and sentence was filed with the trial court clerk. *See* RCW 10.73.090(3). Wing filed his CrR 7.8 motion to withdraw his guilty plea in Cowlitz County on February 5, 2020, more than one year after his judgment and sentence became final. Thus, Wing's February 2020 collateral challenge to his Cowlitz County judgment and sentence is time barred unless Wing is able to show the judgment and sentence is facially invalid or a time bar exception under RCW 10.73.100 applies. Wing makes no argument in his February 5, 2020 CrR 7.8 motion that his judgment and sentence

---

[9] This opinion addresses Wing's February 5, 2020 motion, which raises entirely different issues and arguments than the October 2021 motions, separately from his October 2021 motions. Because Wing filed separate motions but the trial court consolidated all his motions for transfer as one PRP, we address the motions separately to avoid the potential unjust result of dismissing based on a mixed petition.

was facially invalid or that it triggered any exception to the one-year time bar. Therefore, Wing's February 5, 2020 motion to withdraw his pleas is time barred.

2.     October 2021 Motions

In his October 2021 motions to withdraw his guilty plea or vacate his judgment and sentence, Wing argues that his judgment and sentence contains facial invalidities that make his motions exempt from the one-year time bar. We disagree.

Wing has identified two errors in his judgment and sentence: the invalid unlawful possession of a controlled substance conviction and the inclusion of the invalid unlawful possession of a controlled substance conviction in his offender score for third degree assault. Wing asserts that these errors are facial invalidities that entitle him to withdraw his pleas or have his judgment and sentence vacated.

Our Supreme Court Commissioner has ruled that Wing's October 2021 motions to withdraw his guilty plea or vacate his judgment or sentence, challenging the validity of his plea because it included an invalid unlawful possession of a controlled substance, are not exempt from the time bar. *See* Ruling Den. Review, *Wing*, No. 100955-1, at 2-3. The Supreme Court Commissioner's ruling is the law of this case. *See Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 56, 366 P.3d 1246 (2015) (law of the case doctrine forbids lower court from relitigating issues decided by higher court, whether explicitly or by reasonable implication, at earlier stages of the same case), *review denied*, 185 Wn.2d 1038 (2016). Therefore, Wing's October 2021 motions are time barred.

Even if the Supreme Court Commissioner's ruling is not the law of this case, Wing's October 2021 motions fail. Wing's motions seek to allow the withdrawal of his guilty plea or to

have his Cowlitz County judgment and sentence vacated based on the invalidity of his unlawful possession of a controlled substance conviction. But the appropriate relief for the invalid unlawful possession of a controlled substance conviction is vacating that conviction and resentencing with a correct offender score, not withdrawing the plea or vacating the judgment and sentence as a whole. *See* Ruling Den. Review, *Wing*, No. 100955-1, at 2-3 (noting that Wing cannot withdraw his pleas or vacate his judgment and sentence but remains free to seek vacation of unlawful possession of a controlled substance conviction and resentencing on third degree assault conviction); *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014) (petitioner may not rely on the existence of a facial sentencing error to assert other time barred claims; remedy is limited to correction of facially invalid sentence); *State v. Olsen*, ___ Wn. App. 2d ___, 530 P.3d 249, 257 (2023) (holding that constitutional invalidity of unlawful possession of a controlled substance conviction entitled offender to vacating the conviction but not withdrawing the plea), Pet. for Rev., *State v. Olsen*, No. 102131-3 (Wash. Jun. 23, 2023); *In re Pers. Restraint of Sylvester*, 24 Wn. App. 2d 769, 777-78, 520 P.3d 1123 (2022) (remedy for miscalculated offender score is resentencing with corrected offender score).

Because Wing is only entitled to relief for the defects that render the judgment and sentence invalid on its face (i.e., vacation of the unlawful possession of a controlled substance conviction and resentencing on the assault conviction with a corrected offender score), Wing has failed to show that he is entitled to the relief requested in his October motions—withdrawal of his guilty pleas and/or vacation of his judgment and sentence.[10] *Adams*, 178 Wn.2d at 424. Thus, Wing's

---

[10] Wing also argues that his motions are exempt from the time bar because *Blake* was a significant retroactive change in law and because the statute he was convicted of violating was held to be

No. 56564-1-II

October 2021 motions seeking withdrawal of his pleas and/or vacation of the Cowlitz County judgment and sentence fail. Accordingly, we deny Wing's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Price, J.

Che, J.

---

unconstitutional. We note that Wing raised both of these time bar exceptions for the first time in reply briefs, and we generally do not address issues raised for the first time in a reply brief. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

Further, regardless of which time bar exception Wing argues, Wing fails to show he is entitled to withdraw his entire plea or to a vacation of the Cowlitz County judgment and sentence simply because of the unlawful possession of a controlled substance conviction. *See Adams*, 178 Wn.2d at 424 (when challenging a judgment and sentence more than a year after its finality, the petitioner "may seek relief only for the defect that renders the judgment not valid on its face (or one of the exceptions listed in RCW 10.73.100)."); *Olsen*, 530 P.3d at 253-54, 257 (without showing guilty plea to unlawful possession of a controlled substance was not entered into knowingly, intelligently, and voluntarily, petitioner may not withdraw guilty plea to that crime or guilty pleas to other crimes entered as part of the same plea agreement).

11