# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57212-5-II |
| EDWIN CHAVEZ ZUNIGA, | UNPUBLISHED OPINION |
| Petitioner. | |

CHE, J. — In 2016, Edwin C. Zuniga pleaded guilty to two counts of first degree rape of a child in Pierce County Superior Court cause number 15-1-01315-9. Count 1 was based on acts Zuniga committed between the age of 20 and 21. Count 2 was based on acts Zuniga committed between the age of 13 and 19. The trial court sentenced Zuniga to a SSOSA[1], which was revoked in 2019. Subsequently, Zuniga filed a CrR 7.8 motion for relief from judgment, which the trial court transferred to this court for consideration as personal restraint petition.

Zuniga argues that he is entitled to resentencing because the trial court did not consider mitigating factors relating to his youthfulness at the time of the crimes. He further argues that his petition is not time barred because of a significant, material, retroactive change in the law. We disagree and dismiss the petition as time-barred.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Zuniga's judgment and sentence became final when it was filed on May 16, 2016. RCW 10.73.090(3)(a). Zuniga did not file this petition until March 24, 2022, well over one year later. Thus, unless Zuniga established that one of the six

---

[1] Special Sex Offender Sentencing Alternative (SSOSA).

time-bar exceptions in RCW 10.73.100 applies to his argument or that his judgment and sentence is facially invalid or was not entered by a court of competent jurisdiction, this petition is time barred. RCW 10.73.090(1); RCW 10.73.100; *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003).

Zuniga does not argue that his judgment and sentence is facially invalid or that it was not rendered by a court of competent jurisdiction. Instead, he argues that this petition is not time barred because *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), and *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021), are significant, material, retroactive changes in the law that qualify for the significant change in the law exception to the time bar established in RCW 10.73.100(6).

Zuniga was an adult when he committed count 1. Therefore, his reliance on *Houston-Sconiers* fails as to that count because *Houston-Sconiers*'s holding is expressly limited to juvenile defendants and Zuniga was not a juvenile when he committed that offense, so it is not material to this petition. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 831-32, 508 P.3d 687, *review denied*, No. 1009585 (2022). Although *Monschke* extended *Houston-Sconiers* to young adult offenders who were convicted of aggravated first degree murder and sentenced to a mandatory sentence of life without the possibility of parole, our Supreme Court has not extended *Houston-Sconiers* to young adult offenders who were convicted of other crimes and not sentenced to mandatory life sentences. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24-25, 513 P.3d 769 (2022); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 81-83, 514 P.3d 653 (2022). Accordingly, Zuniga does not establish a significant, material, retroactive change in the law or any other time bar exception in RCW 10.73.100(2) as to count 1.

No. 57212-5-II

The untimeliness of Zuniga's challenge to count 1 is fatal to his petition. Zuniga may or may not have been a juvenile when he committed count 2; he was between the age of 13 and 19. But because Zuniga's challenge to count 1 is untimely, his petition is at best "mixed," meaning it raises both untimely claims and claims that are exempt from the time limit under RCW 10.737.100. Mixed petitions must be dismissed. *In re Pers. Restraint of Thomas*, 180 Wn.2d 951, 953, 330 P.3d 158 (2014). Therefore, even assuming Zuniga can show that count 2 was committed when he was a juvenile, his petition must nonetheless be dismissed.

Accordingly, we hold that Zuniga's petition is time-barred and dismiss his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, P.J.

Veljacic, J.

3